# Fitzpatrick v. Brigman.

## *Statutory Action of Ejectment.*

1. *Deed; delivery necessary to give effect.*—The delivery of a deed is ·necessary to convey title, and a deed becomes effectual as a conveyance of title only from the date of its delivery.

2. *Same; same; when delivery. not shown.*—Where the grantor in a deed, after signing and acknowledging it, leaves it with his attorney with no instructions to deliver it to any one, there is no such delivery as completes the execution of the deed in such sort as to convey the title to the property therein described; since, in order to make such act a delivery to the grantor, the intention of the grantor must be expressed at the time in an unmistakable manner.

3. *Same; action of ejectment; admissibility of evidence.*—In an action of ejectment, where the material question at issue is whether there was a sufficient delivery of the deed to pass title to the property involved in the suit, and the evidence shows that after signing and acknowledging the deed the grantor in question left it with his attorney with no instructions to deliver it to any one, it is not competent for such grantor, upon being examined as a witness, to testify that "if he delivered the deed to his attorney, it was not with the intention of recalling it," or that he delivered it to his attorney to keep for him.

4. *Same; sufficiency of delivery; presumption as to acceptance and delivery.*—When a deed is for the benefit of the grantee, imposing upon him no burdens or duties, there arises a presumption of his acceptance; and if such deed is duly acknowledged and recorded, the presumption of delivery attaches, which can· be repelled only by evidence of actual dissent on the part of the grantor.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This was a statutory action of ejectment, brought by the appellee, J. W. Brigman, against the appellant, Joseph Fitzpatrick, to recover certain lots of land in the city of Ensley, specifically described in the com-

plaint. The cause was tried upon issue joined on the plea of the general issue.

The common source of title was admitted to be in Isaac Price. Plaintiff introduced in evidence a quit-claim deed of the property in controversy from Isaac Price to R. M. Buck, dated the 12th day of March, 1895, acknowledged March 19, 1895, but not filed for record until the 27th of September, 1899; also a warranty deed from R. M. Buck to T. G. Elder, dated the 27th of March, 1895, and acknowledged and recorded the 4th of April, 1895; also a warranty deed from T. G. Elder to plaintiff, J. M. Brigman, dated, acknowledged and recorded the 24th of May, 1898.

Defendant then introduced in evidence a quit-claim deed of the property in controversy from said Isaac Price, the common source of title, to defendant Joseph Fitzpatrick, dated the 26th day of April, 1898, acknowledged the 27th of April, 1898, and filed for record the 28th of November, 1898, which said deed recited a valuable consideration.

It was shown by the evidence that the deed executed by Isaac Price to R. M. Buck was given by him to Buck to land which he exchanged to Buck for other lands which Buck conveyed to him. H. C. Selheimer, Esq., was the attorney of Price in the negotiations for this exchange of lands, and that at the time of the execution of the deed from Price to Buck, Price left the deed with Selheimer without any instruction as to what he was to do with said deed; that said deed remained in the possession of Selheimer until after the defendant had purchased the lots in controversy from Price and had received the deed from Price and had the same recorded; that subsequent to the execution of the deed from Price to the defendant, the attorney of the plaintiff inquired of Selheimer if he had possession of the deed from Price to Buck; that upon investigation among his papers Selheimer found said deed, and that some time after the inquiry by the plaintiff's attorney Selheimer asked Price if he should deliver the deed to the plaintiff's attorney, and, upon being directed to do so by Price, he delivered the deed to the plaintiff's attorney.

The witness Selheimer testified that he did not hold the deed for Isaac Price; that "it must have been left in his possession from the time of its date." During the cross-examination of Isaac Price, who was introduced as a witness for the defendant, he testified that "If he delivered the deed to his attorney, it was not with the intention of recalling it." To this statement of the witness the defendant duly objected and moved to exclude it upon the ground that the witness could not state what was his intention. The court overruled the objection and motion, and to this ruling the defendant duly excepted. This witness further stated, during his cross-examination, that "if he turned the deed over to Mr. Selheimer, it was not to keep for witness." The defendant objected to this statement of the witness and moved to exclude the same from the jury. The court overruled the objection and motion, and to this ruling the defendant duly excepted. The other facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence the court gave to the jury the following written charge: "If the jury believe the evidence, they will find for the plaintiff for the property described in the complaint in the case." To the giving of this charge the defendant duly excepted.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several ruling of the trial court to which exceptions were reserved.

J. W. TOMLINSON and J. G. CREWS, for appellant. Appellant contends that the deed from Isaac Price to R. M. Buck in appellee's chain of title was not delivered or recorded until after the execution, delivery and record of the deed from Isaac Price to appellant, Fitzpatrick. 5 Am. & Eng. Ency. Law (1st ed.), 445, 448, and cases cited in notes; 3 Wash. on Real Prop., 270; 1 Dembitz on Land Titles, 365-6; *Prewitt v. Ashford,* 90 Ala. 294.

The unrecorded deed from Price to Buck is void as against appellant, who, after diligent inquiry, purchased for value and without notice, even though he acquired the title by a quit-claim deed.—Code of Alabama, 1896,

[Fitzpatrick v. Brigman.]

§ 1010; Martindale on Conveyances, §§ 59 and 285; Rice on Realty, § 388; 1 Dev. on Deeds, § 673; *Moelle v. Sherwood*, 148 U. S. 27; *King v. Paulk*, 85 Ala. 186; *Wilhelm v. Wilkins*, 149 N. Y. 944; *Brown v. Banner C. & O. Co.*, 97 Ill. 217.

SMITH & SMITH, *contra.*—The deed was not delivered by Isaac Price in person, but the uncontradicted evidence shows that said Isaac Price parted with possession of the deed, and one H. C. Selheimer had possession thereof for said R. M. Buck, according to previous agreement, and that the entire purchase money had been paid R. M. Buck, by an exchange of land. Where the purchase money had been paid, a delivery to a third party will be presumed to have been accepted.—*Arrington v. Arrington*, 122 Ala. 510; *Hathway v. Payne*, 34 N. Y. 92; *Lee v. Fletcher*, 12 L. R. A. 171; Devlin on Deeds, § 261 and note.

Appellant holding under a quit-claim deed could not claim protection as an innocent purchaser.—*Derrick v. Brown*, 66 Ala. 162.     •

TYSON, J.—This is an action in the nature of an action of ejectment. Plaintiff and defendant claim title from a common source. One of the important questions presented is, whether the deed from Price to one Buck, through whom plaintiff claims to have derived his title by mesne conveyances, was delivered prior to the execution and recordation of the deed from Price to defendant. As delivery was necessary to convey title, if the deed was not delivered to Buck until after Price had executed the deed to the defendant, Buck got no title and of consequence conveyed nothing by his deed to Elder, from whom plaintiff got his deed.—*Goodlett v. Kelly*, 74 Ala. 213, 220. In short, a deed becomes effectual only, as a conveyance of the title, from the date of its delivery. It is true the presumption will be indulged, in the absence of evidence to the contrary, that the date of the deed, or where the acknowledgment necessary to its execution bears a different date, the date of the acknowledgment, is the date of its delivery.

This presumption, however, is a disputable one, and the time of delivery may always be shown. And when it is affirmatively shown without dispute, that its delivery was at a time different from the date of the deed or the date of its acknowledgment, the date of the delivery will control in determining when the deed became efficacious as a conveyance of title.

Delivery may be defined to be "a word, act or both combined by which a grantor expresses a present intention to divest himself of title to property described in an appropriate deed."—9 Am. & Eng. Ency. Law (2d ed.), 153. . Manual delivery is not necessary, but in its absence, the grantor must have, by some word expressed or act done, clearly indicated his intention, at the time of its signing by him or subsequently while the deed is in his possession, that the deed shall be considered as executed. As said in *McLure v. Colclough,* 17 Ala. 96, speaking of delivery: "This may be accomplished by mere words, or by such words and actions as indicate a clear intention that the deed shall be considered as executed; as when a party to an instrument seals it, and declares, in presence of a witness, that he delivers it as his deed, but keeps it in his own possession, and there is nothing to qualify that, or to show that the executing party did not intend it, to operate immediately, except the keeping of the deed in his hands, it is a valid and effectual deed; and actual delivery to the party who is to take by the deed, or to any person for his use, is not essential."—*Arrington v. Arrington,* 122 Ala. 510. What is said in the foregoing extract when properly understood in no wise conflicts with the universal principle so often declared by numerous courts and by our own in *Frisbie v. McCarty,* 1 Stew. & Port. 56, that the delivery must be so effectual as to deprive the grantor of the right to revoke it. For so long as he reserves to himself the *locus penitentiae,* there is no delivery—no present intention to divest himself of the title to the property. We take it that the grantor need not expressly reserve to himself this right to repent, but if his act upon which a delivery is predicated does

not place the deed beyond his control, as matter of law, then his right of revocation is not gone.

In the present case, Price, the grantor, simply signed the deed, acknowledged it, and left it with his attorney with no instructions to deliver it to any one. More than a year after defendant received his deed from Price and its recordation, Price's attorney after being instructed by him to do so, delivered it to plaintiff's attorney, Smith. On this state of facts, which are undisputed, it seems to us to be clear, that Price could have recalled the deed. He said nothing to his attorney indicating an intention that the deed should be considered as executed and did no act, other than leave it with his agent, without any instructions as to what he desired done with it. This act, we think, was utterly insufficient as expressing a present intention on the part of Price to divest himself of the title to the property described in the deed. "The law does not presume, when a deed is handed to a third person, that it has been with the intention to pass title to the grantee. In order to make such an act a delivery to the grantee, the intention of the grantor must be expressed *at the time* in an unmistakable manner."—5 Am. & Eng. Encyc. Law (1st ed.), note 4, on p. 448.

The action of the court in permitting Price to testify against the objection of defendant "that if he delivered the deed to his attorney, it was not with the intention of recalling it" and "that if he turned the deed over to Mr. Selheimer it was not to keep for witness" was manifestly erroneous.—3 Brick. Dig. 479, *et seq.*

We are urged by appellant's counsel to review the question as to whether the defendant, being a grantee in a quit-claim deed, can invoke the protection usually accorded to *bona fide* purchasers for value, without notice. On the state of the proof as shown by the record that question is not raised, since there is no evidence that he paid any value for the land. The recital in his deed of value paid for the land is not evidence as against the plaintiff who is not a party to or privy under it. *Buford v. McCormick*, 57 Ala. 428; *McGintry v. Reeves*, 10 Ala. 137; *Falkner v. Leith*, 15 Ala. 9; *Robinson v.*

*Moseley*, 93 Ala. 74. Nor is the question of presumptive acceptance by the grantee, Buck, presented, since, as we have shown, there was no delivery to Selheimer for his benefit—indeed there was no delivery by Price of the deed to any one for any purpose or for the benefit of any person. But in order to correct a typographical error appearing in the opinion in the case of *Arrington v. Arrington*, found on page 517 of volume 122, lest it may mislead, we restate in part what we said on this subject. When a deed is for the benefit of the grantee, imposing on him no burdens or duties, the presumption is of his acceptance. If it is duly acknowledged and recorded, the presumption of delivery attaches, which can be repelled only by evidence of actual dissent of the grantee.

Reversed and remanded.