# Fitzpatrick *v.* Brigman.

*Statutory Action of Ejectment.*

1. *Ejectment; delivery of deed; admissibility of evidence.*—In an action of ejectment, where the material question at issue is, whether there was a sufficient delivery of the deed to pass title to the property involved in the suit, and the evidence shows that after signing and acknowledging the deed the grantor therein left it with his attorney, who haα been representing him in making an exchange of lands with the grantee in said deed, it is competent to introduce evidence of the transactions between the grantor and the grantee, and what was said and done at the time of the delivery of the deed by both of said parties as well as the attorney.

[Fitzpatrick v. Brigman.]

2. *Ejectment; delivery of deed; charge of court to jury.*—In an action of ejectment, where the material question at issue is, whether there was a sufficient delivery of the deed to pass title to the property involved in the suit, and there was evidence introduced from which the jury might have inferred an intention on the part of the grantor to deliver the deed to the grantee named therein, the general affirmative charge requested by either party is properly refused; the intention of the grantor in the transaction being a question of fact to be determined by the jury from the circumstances attendant at the time.

3. *Same; same; same.*—In such a case, a charge is properly refused as being misleading, which would authorize the jury to conclude that the delivery of the deed to the grantee in person was necessary, in order to constitute a delivery thereof.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A COLEMAN.

This was a statutory action of ejectment brought by the appellee, J. W. Brigman, against the appellant, Joseph Fitzpatrick, to recover certain lots in the city of Ensley, specifically described in the complaint. The defendant pleaded the general issue. This is the second appeal in this case.

The common source of title was admitted to be in one Isaac Price. The plaintiff introduced in evidence a quit claim deed for the property sued for, from Isaac Price to R. M. Buck, dated March 12, 1895, acknowledged March 19, 1895, and which was filed for record on September 27, 1899. He also introduced in evidence a warranty deed conveying the same lands from R. M. Buck to T. G. Elder, which was acknowledged and recorded March 4, 1895, and also a warranty deed, conveying the same lands from T. G. Elder to plaintiff, J. W. Brigman, which deed was dated, acknowledged and filed for record on March 24, 1898.

The defendant introduced in evidence a quit claim deed to the property in controversy from Isaac Price to the defendant, dated April 26, 1898, acknowledged April 27, 1898, and filed for record November 28, 1898. It was shown at the time of the second trial Isaac Price was dead.

The testimony given by said Isaac Price on the former trial of the cause was introduced in evidence upon the

second trial, after the remandment of the cause by the Supreme Court. In giving his testimony said Price stated that he had left the deed to Buck with his attorney, Mr. Selheimer, about the date the deed was signed, but did not remember anything that was said at the time; that he did not deliver the deed to Buck in person; that there was a trade between him and said Buck in which Buck was to convey to him certain property and he was to convey to Buck the lots involved in this controversy; that Buck made him a deed to the property, and thereupon, in consummation of the trade, he made the deed from him to Buck introduced in evidence, and that he took possession of the land deeded to him by Buck.

H. C. Selheimer, Esq., was introduced as a witness, and he testified that he represented Isaac Price as his attorney in the negotiations between Price and Buck in the exchange of the lands; that he did not remember what was said by Price when the deed was left with him; that the negotiations with reference to the exchange of lands between Price and Buck were going on for several months, and the parties frequently met at his office; that the trade was finally closed; that Buck executed a deed to certain lands to Price and Price paid Buck some money in cash and executed the deed conveying the lots in controversy to Buck; that he did not hold the deed for safe keeping for Price; that he had forgotten about the deed being left with him by Price until the purchase of the lots in controversy by the plaintiff in the present suit; that no one had called for the deed or requested its delivery prior to that time. The witness Selheimer was asked: "Whether or not Buck had made and delivered all the deeds required of him in said contract (between Price and Buck) prior to the execution of the deed from Price and wife to Buck." This question was objected to by the defendant upon the ground that it called for the conclusion of the witness and was incompetent and illegal. The court overruled the objection, and the defendant duly excepted. The witness answered that Buck had made all the deeds as required of him in said contract before Price's deed to him was executed. There-

upon the witness was asked the following question: "If anything remained to be done by either party, after Buck delivered the deeds to him called for" in the contract. The defendant objected to this question upon the same grounds as were interposed to the previous question. The court overruled the objection, and the defndant duly excepted. The witness answered that nothing remained to be done except the execution of the deed from Price to Buck.

It was a fact, admitted bv both parties to the suit, that at the time the defendant purchased the lots in question from Price, he had an abstract made showing the title of said Price to all the lots described in the deed, that the abstract showed the record title to the lots in the suit, as well as the other lots described in defendant's deed, to be in said Price.

Upon the introduction of all the evidence, the defendant moved the court to exclude from the jury the deed offered in evidence by plaintiff upon the ground that the evidence showed there had been no delivery of the deed from Price to Buck, and that no title having passed from Price to Buck, the deed from Buck to Elder and from Elder to plaintiff conveyed no title. The court overruled this motion, and the defendant excepted.

In the court's oral charge to the jury, he read that part of the opinion of the Supreme Court rendered on the former appeal of the cause, relating to the question whether the deed from Price and wife to Buck had been delivered, and then made the following statement to the jury: "Now, gentlemen, this is the opinion of the Supreme Court upon this case as presented on the former trial, but in the case before you there are other facts before you in addition to the facts shown on the former trial." To this remark of the court the defendant excepted.

The defendant separately excepted to the following portions of the court's oral charge: (1.) "That the sole question for you to determine is, did Price deliver to Selheimer the deed from him to Buck conveying the land, the subject matter of this suit, about the time he signed the same, and did he intend to surrender all control over it, and that the deed should be delivered

by Selheimer to Buck; if such is found to be the fact, then your verdict should be for the plaintiff, if not for the defendant." (2.) "If you believe from the evidence that there was a trade between Price and Buck in which Buck was to do certain things and Price was to make a deed for the lots in question; and if you further believe from the evidence that all the conditions in the trade on Buck's part were performed by him, then I leave it to you to say whether or not these facts show an intention by Price to deliver said deed to Buck when he left it with Mr. Selheimer."

The defendant requested to the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence, they must find for the defendant." (2.) "If the jury believe that the deed from Price to defendant was delivered before the deed from Price to Buck was delivered to Buck, then the jury must find for the defendant."

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

JOHN W. TOMLINSON and J. G. CREWS, for appellant. The undisputed facts, as was decided on the former trial, show no delivery of the deed from Isaac Price to R. M. Buck until after the execution, delivery and record of the deed from Isaac Price to appellant, and the general affirmative charge should have been given for the defendant.—*Fitzpatrick v. Brigman*, 130 Ala. 450; 5 Am. & Eng. Ency. Law (1st ed.), 445.

SMITH & SMITH, *contra.*—When Price, in pursuance of his agreement, turned over the deed he had signed on the 12th of March, 1895, to Selheimer, he was entitled to demand and receive the deeds held for him signed by Buck.—*White Star Line Steamboat Co. v. Moragne*, 91 Ala. 610.

DOWDELL, J.—Additional facts are shown in evidence by the record on this appeal to those appearing on the former appeal in this case.—*Fitzpatrick v. Brigman*, 130 Ala. 450.

Both parties claim from a common source of title. It is a question of superiority of title. And the question of the delivery of the deed from Price, the common source, to Buck, at the time this deed was left by Price with Selheimer, is the pivotal one in the case. If the act of Price in leaving the deed in the possession of Selheimer amounted to and operated as a delivery to Buck, then the plaintiff who derived title through Buck, has the superior title; otherwise the defendant has the superior title. The intention of Price upon leaving the deed in the possession of Selheimer becomes a material inquiry on the question of delivery. What is necessary to constitute a delivery was fully discussed on the former appeal, and we content ourselves with what was then said, as being sufficient for present purposes. What was Price's intention is a question of fact to be determined by the jury from the attendant circumstances at the time. And to this end it was competent on the trial to adduce evidence of the transaction between Price and Buck, and what was said and done at the time by both of said parties, as well as by Selheimer, who acted as attorney for Price. There is, therefore, we think, no merit in the exceptions reserved to the questions asked, and the answers made by, the witness Selheimer, as shown in the record.

That there were additional facts shown in the evidence on the last trial, to those on the former trial, was undisputed, and consequently there was no error in that portion of the oral charge excepted to, in which the court made such statement. That portion of the oral charge excepted to, in which the court submitted to the jury the question of intention on the part of Price as to the delivery of the deed was free from error.

There was evidence from which the jury might have inferred an intention on the part of Price to deliver the deed to Buck, when he left it in the possession of Selheimer, and, therefore, the court properly refused the

general charge requested by the defendant.

The second written charge requested by the defendant had a tendency to mislead, in that the jury might have been led by it to the conclusion that a delivery of the deed to Buck in person by Price was necessary to be shown in evidence to constitute a delivery.

We find no error in the record, and the judgment is affirmed.