# Culver, *et al. v.* Carroll.

## *Ejectment.*

(Decided November 16, 1911. Rehearing denied February 15, 1912.
57 South. 767.)

1. *Deeds; Delivery; Necessity.*—Whether the conveyance be upon
a valuable consideration or a voluntary conveyance for love and
affection, delivery is indispensable to its validity.

2. *Same; Life of Grantor.*—While the delivery of a deed must
be in the lifetime of the grantor to make it valid, an inchoate de-
livery to a third person as a depositary with instructions to deliver
to the grantee upon the grantor's death, and a delivery by him,
the depository being a trustee, to the grantee will relate back to
the prior delivery for the purpose of passing title.

3. *Same.*—A delivery of a deed subject to recall by the grantor
before delivery to the grantee is not effective to pass title.

4. *Same; Question to Jury.*—The question whether a grantor in a
deed executed his intention to pass title by a sufficient delivery is
one of fact and generally for the jury.

5. *Same; Right to Revoke.*—A right to revoke a delivery of a deed
by a grantor to a person other than the grantee or his agent, which
will render the delivery ineffectual to pass title need not be ex-
pressly reserved; it being sufficient that the grantor's act did not
as a matter of law place the deed beyond his control.

6. *Same.*—There is no presumption that a handing of a deed to a
person other than the grantee or his agent was with the intention
to pass title to the grantee, and, to make such act a delivery, the
intention of the grantor must have been expressed in unmistakable
manner at the time of execution or subsequently while the deed
was in his possession.

7. *Same.*—Merely leaving a deed with the agent or attorney of the
grantor is wholly insufficient to show an intention to divest the
title and will not constitute a delivery.

8. *Same; Delivery; Establishment.*—The fact that a deed named
the wife of the grantor as grantee and embraced all the property
of the grantor, was in the handwriting of a resident lawyer and
notary public, recited a consideration of love and affection, and

directed that the wife pay the grantor's just debts, and that upon the same day, the grantor committed suicide, are not circumstances showing acts or declarations of the grantor at the making of the deed, of its delivery, and are not sufficient to show that the grantor delivered a deed to a third person for his wife.

9. *Same.*—The mere handing of a deed to a stranger with a request to keep it, without mentioning what the paper was, or the grantee's name, is not sufficient as a delivery to a grantee therein, although the grantor's wife.

(Dowdell, C. J., Mayfield and Sayre, JJ., dissent.)

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejectment by L. A. Culver and others, against J. S. Carroll. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

NORMAN & SON, for appellant. Under the evidence in this case the deed was not shown to be so effectually delivered as to pass title to the grantees therein named. The issue in this case had no reference to the value of the property, but merely to its rental value, and hence, the value could not shed any light thereon.—*Moore v. Harvey,* 50 Vt. 297; *Cohoon v. Kienon,* 46 Ohio St. 590. No sufficient predicate was laid for the introduction of public records such as sought to be introduced in this case. A deed must become effective by the delivery during the life of the grantor, or by delivery to a depositary as a trustee for delivery to the grantee on the death of the grantor, and the intention to pass title by such delivery must be clearly expressed.—*Richardson v. Woodstock I. Co.,* 90 Ala. 270; *Griswold v. Griswold,* 148 Ala. 241; *Fitzpatrick v. Brigman,* 130 Ala. 453; *Frisbee v. McCarty,* 1 S. & P. 56; 5 A. & E. Enc. of Law, 448, note 4; 9 Same 155. Under these authorities the evidence was not sufficient to show a delivery of the deed.

[Culver, et al. v. Carroll.]

FOSTER, SAMFORD & CARROLL, for appellee. Under the facts in this case the question of delivery was one for the jury.—*McLure v. Colclough*, 17 Ala. 89; *Ellsberry v. Boykin*, 65 Ala. 340; *Fitzpatrick v. Brigman*, 133 Ala. 242; *Napier v. Elliott*, 162 Ala. 129; *Alexander v. Alexander*, 71 Ala. 297. A sufficient predicate was laid for the introduction of the record.—*Huckabee v. Shepherd*, 75 Ala. 342.

SOMERVILLE, J.—The action is one of ejectment brought to recover a tract of land described in a deed executed by L. A. Culver, deceased, to his wife, Julia F. Culver. The conveyance is dated December 22, 1891, is duly signed and acknowledged, and based on a consideration of natural love and affection. The lower court permitted the deed to go to the jury as part of the evidence in the case, to which exception was taken by appellant's counsel, and error is assigned based on this ruling. The question raised for decision is whether the deed was ever delivered to the grantee, Mrs. Culver, during the lifetime of the grantor so as to have become effective. The paper was left by the grantor with the witness Kelsoe and one Sykes, now deceased, before the death of the former, who committed suicide very soon after. All the evidence on the question of delivery was given by Kelsoe, who stated that he could not say what Culver had said when he handed the deed over to them, and it was put in a safe. The witness observed: "I don't know whether he said, 'Take the deed and keep it for me;' or, 'Take it and keep it.' I would not be positive it was either one, but it was something similar. I just inferred from it he wanted the paper preserved." On cross-examination the witness further said: "I cannot be positive what he said. He may have said something else. I cannot be positive what he said."

The rule is well settled in every jurisdiction that delivery is an indispensable requisite to the validity of a deed whether it be a conveyance upon valuable consideration, or a voluntary conveyance in consideration of love and affection. And it is necessary that the delivery should be made in the lifetime of the grantor, for "there can be no delivery by a dead hand." A delivery after the grantor's death is no delivery.—*Jones v. Jones,* 6 Conn. 111, 16 Am. Dec. 30, and note; *Jackson v. Leek,* 12 Wend. (N. Y.) 107. Yet there may be an inchoate delivery in the grantor's lifetime which may become absolute on his death.—*Foster v. Mansfield,* 3 Metc. (Mass.) 412, 37 Am. Dec. 154. Cases of this kind sometimes present considerable difficulty.

Deeds are sometimes delivered by a grantor to a third person as a depositary, with instructions to deliver to the grantee on the contingency of the grantor's death. And it is commonly held that when this instruction is carried out such delivery will relate back to the prior delivery for the purpose of passing the grantor's title. The intention of the party is the substantive thing. The first depositary is a trustee holding the deed for the benefit of the grantee.—*Elsberry v. Boykin,* 65 Ala. 340; *Wheelwright v. Wheelwright,* 2 Mass. 447 3 Am. Dec. 66; *Taft v. Taft,* 59 Mich. 185, 26 N. W. 426, 60 Am. Rep. 291; *Sears v. Scranton Trust Co.,* 228 Pa. 126, 77 Atl. 423, 20 Ann. Cas. 1148-1150; 9 Am. & Eng. Ency. Law, 157.

If the deed is subject to be recalled by the grantor before delivery to the grantee, there is no effectual delivery by the maker.—*Prutsman v. Baker,* 30 Wis. 644, 11 Am. Rep. 592; *Davis v. Cross,* 14 Lea (Tenn.) 637, 52 Am. Rep. 177.

Under the above principles and those settled by our own authorities, we are of the opinion that the court

erred in not excluding the deed from the jury as requested by the appellants.—*Fitzpatrick v. Brigman,* 130 Ala. 453, 30 South. 500; Id., 133 Ala. 242, 31 South. 940; *Tarwater v. Going,* 140 Ala. 273, 37 South. 330.

The present case cannot be distinguished in legal effect from *Fitzpatrick v. Brigman,* 130 Ala. 450, 30 South. 500, and neither is in conflict with *Fitzpatrick v. Brigman,* 133 Ala. 242, 31 South. 940, where additional contemporaneous acts shown by the evidence pointed very strongly to the grantor's intention to vest title in the grantee.

It is unnecessary to pass on the other assignments of error if the deed be excluded from evidence.

Reversed and remanded. All of the Justices concur.


ON REHEARING.


The real question involved in this case is not whether the grantor Culver entertained a general intention that the subject-matter of the deed should at some time and in some way pass to the grantee named; for that intention would always be quite plainly evidenced by the mere fact of preparing and signing the deed.

The true inquiry is, as settled by the authorities: Did he execute that intention by a sufficient delivery of the deed in his lifetime, intending by that act to *then* pass the title? It is, of course, conceded that the question of delivery is a question of fact, resting in the intention of the grantor, and, like other questions of fact, is generally to be submitted to and determined by the jury.—
*Gregory ·v. Walker,* 38 Ala. 26; *Alexander v. Alexander,* 71 Ala. 295; *Cherry v. Herring,* 83 Ala. 458, 3 South. 667; *Fitzpatrick v. Brigman,* 133 Ala. 242, 31 South. 940; *Napier v. Elliott,* 162 Ala. 129, 50 South. 149; *Rickert v. Touart,* 174 Ala. 107, 56 South. 708. But the

point of difficulty is in determining what act or acts on the part of the grantor will be sufficient to generate as a jury question the issue of delivery vel non in the first instance; and, with respect to the alleged act of delivery, what circumstances are relevant and competent to be considered.

· In *Ellsberry v. Boykin,* 65 Ala. 340, it was said: "The fact (of delivery) rests in intention, and is to be collected from all the acts and declarations of the parties having relation to it." And this language has been several times repeated by this court.—*Napier v. Elliott,* 146 Ala. 213, 40 South. 752, 119 Am. St. Rep. 17; Id., 162 Ala. 129, 50 South. 148; *Gulf, etc., Co. v. Crenshaw,* 169 Ala. 606, 53 South. 812.

In *Fitzpatrick v. Brigman,* 130 Ala. 450, 30 South. 500, the subject of delivery is fully discussed, and the principles which determine the sufficiency of a delivery, when made to a person other than the grantee or his agent, are clearly and precisely stated by TYSON, J., as follows: "(1) The delivery must be so effectual as to deprive the grantor of the right to revoke it, for so long as he reserves to himself the locus pœnitentiæ, there is no delivery—no present intention to divest himself of the title to the property. (2) The grantor need not expressly reserve to himself this right to repent, but if his act upon which a delivery is predicated does not place the deed beyond his control, *as a matter of law,* then his right of revocation is not gone. (3) The law does not presume, when a deed is handed to a third person, that it has been with the intention to pass title to the grantee. In order to make such an act a delivery to the grantee, the intention of the grantor must be expressed *at the time* in an unmistakable manner." (4) Although an alleged grantor has signed and acknowledged a deed and left it with his agent or attorney, if he

[Culver, et al. v. Carroll.]

then said nothing to indicate an intention that the deed should be considered as executed, and did no act other than leave it with his agent, "this act was utterly insufficient as expressing a present intention to divest himself of the title to the property described in the deed." With respect, also, to the source from which intention to deliver may be sought, in the absence of a manual delivery to the grantee, it is spcifically declared that "the grantor must have, by some word expressed or act done, clearly indicated his intention, *at the time of its signing by him or subsequently while the deed is in his possession,* that the deed shall be considered as executed." Although this was an action of ejectment, tried before a jury, it was held as matter of law that the deed was not admissible.

On a second appeal (*Fitzpatrick v. Brigman,* 133 Ala. 242, 31 South. 940) the principles stated on the former appeal were approved; but, additional evidence bearing upon the grantor's intention in leaving the deed with his attorney having been introduced, it was ruled that the question of intention became an issue for the jury. To quote from the opinion of DOWDELL, J.: "What is necessary to constitute a delivery was fully discussed on the former appeal, and we content ourselves with what was then said as being sufficient for present purposes. What was Price's intention is a question of fact to be determined by the jury from *the attendant circumstances at the time.* And to this end it was competent on the trial to adduce evidence of the transaction between Price and Buck, and what was said and done *at the time* by both of said parties, as well as by Selheimer (the depositary) who acted as attorney for Price." (Italics ours.) It is worthy of note that, on the facts reported, the delivery to Selheimer might well have been

treated as a *constructive delivery* to the grantee on the principles stated in Devlin on Deeds (3d Ed.) § 278.

In the later case of *Tarwater v. Going,* 140 Ala. 273, 37 South. 330, it was said, by SHARPE, J., that "delivery is essential to the complete execution of a deed, and a mere deposit of a writing, complete in other respects as a deed, with a person other than the one named as grantee, or his agent, when unaccompanied with any intention of passing title, is not a delivery such as is necessary to constitute a deed."

Perhaps the clearest and completest statement of the law on this subject is the following, by Dowling, J., in *Osborne v. Eslinger,* 155 Ind. 351, 360, 58 N. E. 439, 442, 80 Am. St. Rep. 240, 247: "Where the claim of title rests upon the delivery of the deed to a third person, the deed must have been properly signed by the grantor, and delivered by him, or by his direction, unconditionally, to a third person for the use of the grantee, to be delivered by such person to the grantee, either presently, or at some future day, or upon some inevitable contingency, the grantor parting, and intending to part, with all dominion and control over it, and absolutely surrendering his possession and authority over the instrument, so that it would be the duty of the custodian or trustee for the grantee, on his behalf, and as his agent and trustee, to refuse to return the deed to the grantor, for any purpose, if demand should be made upon him. And there should be evidence beyond such delivery of the intent of the grantor to part with his title, and the control of the deed, and that such delivery is for the use of the grantee. If the deed is placed in the hands of a third person, as the agent, friend, or bailee of the grantor, for safe-keeping only, and not for delivery to the grantee; if the fact that the instrument is a deed is not made known to such third person, either at the time it

[Culver, et al. v. Carroll.]

is handed over, or at any time before the death of the grantor; if the name of the grantee, or other description of him, is not given; and if there is no evidence beyond the mere fact of such delivery of the intent of the grantor to part with his control over the instrument and his title to the land—then such transfer of the mere possession of the instrument does not constitute a delivery, and the instrument fails for want of execution." This language is incorporated in his text by Mr. Devlin, than whom there is no abler writer on the law of deeds, with the approving observation that "the rule was correctly and succinctly stated."—Devlin on Deeds (3d Ed.) p. 435. Again, the same writer says (page 467), quoting from the opinion of Eastman, J., in the leading case of *Cook v. Brown,* 34 N. H. 460: "To make the delivery good and effectual, the power of dominion over the deed must be parted with. Until. then, the instrument passes nothing; it is merely ambulatory and gives no title. It is nothing more than a will defectively executed, and is void under the statute. ＊  ＊  ＊ There must be a time when the grantor parts with his dominion over the deed, else it can never have been delivered. So long as it is in the hands of a despositary, subject to be recalled by the grantor at any time, the grantee has no right to it and can acquire none; and if the grantor dies without parting with his control over the deed, it has not been delivered during his life, and after his decease no one can have the power to deliver it."—Se, also, *Brown v. Brown,* 66 Me. 316, 321; Tiedeman on Real Property (2d Ed.) § 813; 3 Wash. on Real Property (5th Ed.) p. 314; monographic note to *Brown v. Westerfield* (Neb.) 53 Am. St. Rep. 537-556.

Turning now to the instant case, it is insisted that we have erred in our conclusion in that we have failed to consider *all* the facts in the case, which, it is urged,

bring the case within the rule of decision in *Fitzpatrick v. Brigman,* 133 Ala. 242, 31 South. 940, and make the question of delivery one of fact for the jury.

The facts which counsel conceives to be competent for this purpose are (quoting from his brief): "That the deed was made to his wife, as grantee, and embraced all the property of Culver, the grantor; that it was in the handwriting of a resident lawyer and notary public in the town of Troy; that it recited a consideration of love and affection, and a further direction that his wife pay his just debts, and that followed very soon after and on the same day by his suicide, voluntarily shooting himself with a pistol."

That these general circumstances may fairly and satisfactorily show that Culver intended, in case he should carry out his apparently contemplated suicide, that the deed should find its way to the grantee and become operative *after his death,* we freely concede. But this is not the intent with which we are here concerned, nor is it capable of being given any effect unless evidenced by an instrument which conforms to the law of wills.

It is, we think, perfectly clear that the facts relied on by counsel are not acts or declarations of the grantor made at the time with respect to the making of the deed or its delivery. They are not circumstances nor occurrences attendant upon the making or delivery of the deed, and form no part of the res gestae of the transaction. Indeed, they are no more than the merely subjective recitals of the deed, coupled with the single fact of the grantor's suicide about six hours after its deposit with a stranger.

While the witness Kelsoe was not positive as to exactly what Culver said, the effect of his testimony was to show that the deposit of the deed was made with the request *to keep it,* and there is no room for inference

that anything beyond this was said. Culver did not say what the paper was, and did not even mention the grantee's name. He merely handed a paper to Sykes, a saloonkeeper, who was a stranger and no sort of relation whatever to the grantee; and his injunction to keep it was in no possible sense an authorization to deliver it to the grantee, or to any one else.

There was absolutely nothing in the transaction pointing to a renunciation of Culver's control over the deed. And, had he repented of his suicidal purpose, and gone back to Sykes at any time afterward and demanded the return to him of the paper, the obligation of Sykes to so return it is too plain for controversy.

We are satisfied that the principles announced in the first *Fitzpatrick Case, supra,* are fatal to the admissibility of the deed offered here; and satisfied, also, that there is nothing in the evidence here offered that can suffice to bring this case within the decision in the second *Fitzpatrick Case, supra.*

We are not unmindful of the possible, nay probable, injustice that may be entailed upon innocent parties by our conclusion, for which we can experience only a profound regret. In this connection, however, we quote the just observations of Virgin, J., in *Brown v. Brown,* 66 Me. 320: "The intention of an owner of property in his attempted act of transferring it is not necessarily and always supreme. The law has prescribed certain plain rules to be observed in the execution of such important instruments as those by which the title to real property is transferred; and whatever courts may sometimes have done in their zeal to carry into effect the intention of parties, the law itself does not permit its salutary rules to be broken or bent to meet the exigencies of ignorance or negligence; deeming it better, on the whole, that the intention of a party in disposing

of his property should occasionally fail, than that its important and firmly established rules made and applied for the benefit of all be overridden."

MAYFIELD, J.—(dissenting.)—I cannot concur in a reversal of this case. The reversal is based solely upon the ground that the deed in question was not delivered, and that the trial court erred in admitting it in evidence.

If the delivery of a deed was purely a question of law, the opinion in this case is almost, if not quite, conclusive, to the effect that it was not delivered. But unfortunately for the decision in this case, delivery is a question of fact and not of law. This court, in this case, decides as a matter of law that there was no delivery of the deed in question, while the facts in the record show that there was a delivery.

The undisputed facts are that the grantor signed, acknowledged, and delivered the deed to a third party: that within a few hours thereafter the grantor committed suicide; that a few hours after the suicide, this third party, to whom the deed was delivered by the grantor, told the grantee that the grantor had left with him a deed or paper for the grantee; and that, a few days thereafter, this same third party brought the deed to the grantee and made a manual delivery thereof. This deed was soon thereafter recorded, and the grantee, or those to whom she conveyed, have been in possession of the deed ever since. No one seems to have doubted the delivery of this deed until this suit was brought—more than 10 years after its delivery, and after the death of the grantor, and after the death of the third party to whom the grantor delivered it, and who delivered it to the grantee.

[Culver, et al. v. Carroll.]

How the mere fact that it is now impossible to prove what was said by the grantor when he delivered this deed to the third party, who thereafter delivered it to the grantee, renders this deed void, and shows that there was no delivery in law, though there was in fact, is more than I can understand. This court bases its decision solely upon the fact that a witness was found, who was present when the grantor delivered the deed to the third party, who thereafter delivered it to the grantee, and this witness was unable to remember what the grantor or the third party said, one to the other, when the delivery was made. The most and best that can be made of the testimony of this witness is that he does not now remember what was said or done, further than that the delivery was made and that the deed was placed in the safe of the third party, who thereafter delivered it to the grantee. The witness does not remember whether the grantee handed the deed to the witness and the witness handed it to the owner of the safe, or whether the grantor handed it to the owner of the safe, and the latter handed it to the witness, with instructions to place it in the safe. It is certain, however, that the owner of the safe, who was the witness' employer, was the custodian of the deed, and that he told the grantee, a few hours after it was left with him by the grantor, that he had it for her, and thereafter delivered it to her, and that she and those who claim under her have had it ever since.

It is true that death has now closed the lips of the grantor and the depositary, but the undisputed facts still live and continue to declare and proclaim the delivery of this deed, in unmistakable language. It is a striking case of res ipsa loquitur.

The grantor had made up his mind to end his own life, but desired to keep it a secret from the one he loved

[Culver, et al. v. Carroll.]

best on earth, and whom, he knew, it would grieve most.
To this end he makes a deed, conveying to this person.
his beloved wife, all his earthly possessions or the chief
part thereof, and signs and acknowledges it; and, not
wishing to alarm her or put her on notice of his inten-
tion, instead of delivering the deed in person to her, he
delivers it to a friend (with what instructions we know
not, becuase both are now dead). He then ends his own
life. Within a few hours thereafter, this friend, to
whom he delivered the deed, informs the bereaved wife
of the fact of the delivery to him, by her husband, of
this deed; and as soon as the funeral is over and the
husband is buried, he brings the deed to the house of
the grantee and delivers it to her in person; she has it
recorded, holds the property under it, sells the same,
and delivers the deed to her grantees as a muniment of
title, and, years and years thereafter, her grantees are
sued for the lands conveyed thereby, the suitors relying
solely upon the fact that there was no delivery of this
deed by the grantor to the grantee; and this court holds
that, because this grantee, or those who claim under her,
cannot prove what was said by the grantor to the third
party, when the delivery was made, there was no deliv-
ery to the grantee.

I do not believe that any one can read this record,
and have any doubt as to the fact that the grantor in-
tended that this deed should be delivered by this de-
pository to his wife, the grantee. No reason or intima-
tion in the world is shown for any other intention on
his part. If he had had any other intention, would the
depository have disregarded those instructions and de-
livered the deed, as he did, to the grantee? No reason
on earth is shown or intimated for his disregarding the
instructions, desire, or intentions of his dead friend.

[Culver, et al. v. Carroll.]

The effect of the ruling of the court in this case is to wholly destroy a record title to this land in question, for no other reason than that the grantee is not able to prove what the grantor said to the depositary, when he delivered this deed. The majority hold that if the grantee could not prove that the grantor, when he delivered the deed to the depositary, said, "Deliver this to my wife before or after I am dead," this would establish a good delivery; but that, because this proof cannot be made, the proof of delivery wholly fails.

I cannot agree to this conclusion. I do not think it is the law, or that it ought to be the law. To so hold tends to destroy all titles after the deaths of the parties to the delivery. After all the parties to a delivery are dead, I doubt that there could be proved, in one case out of ten, all the facts and circumstances, including the conversation, attending the delivery.

The court, by this decision, strikes down a perfect written and recorded title to land, by resort solely to a legal fiction. Such fictions are the creations of the courts, to promote justice, not to defeat it, as is unquestionably done in this case. To apply this fiction to this case, and thus defeat this grantee's title, is worse than the result of any tehnicality ever resorted to, in the days of feudalism, to preserve the titles of lands in the families of the lords and nobles. It is worse than livery of seisin, which was abolished long, long, ago, because not founded on reason.

This deed requested that, in consideration of the conveyance, the grantee should pay the debts·of the grantor. These debts may have amounted to more than the value of the land. If this deed is stricken down, the wife not only loses all that she has paid out at the request of her dead husband, but is made liable to her grantees, on her warranty, for the value of the land. She was

innocent of any wrong and, as she honestly believed, was carrying out the almost dying request of her husband. She loses her homestead, dower, and quarantine rights in this land, and loses twice its value—all because she cannot prove what her husband said to the depositary when he delivered the deed to him.

If I thought this was the law, I would consent to it, as hard as it is, but, believing, as I do, that it is not the law, I cannot consent to such a conclusion.

I am convinced that the delivery of the deed in question was a question of fact, and not one of law; and that the jury decided it correctly; and that the trial court, or this court, invades the province of the jury in taking the question from them.

DOWDELL, C. J., and SAYRE, J., concur.