I dissent. While the majority correctly set out the law as it has evolved in Alabama, they misapply this law to the facts of this case. The majority states that the testimony of Ms. Sport, an officer of the First National Bank of Dozier, "along with the totality of the circumstances," shows that J.W. Chandler "possessed the requisite intent to relinquish control over the deed" to have it operate as a valid conveyance. This is simply not the case.
For the delivery to be complete, the grantor must completely divest himself of any control over the title. As long as he reserves to himself the locus penitentiae, whether by express reservation or by not placing the deed beyond his control, then as a matter of law he has not foregone his right of revocation.Fitzpatrick v. Brigman, 130 Ala. 450, 30 So. 500 (1900).
The case of Culver v. Carroll, 175 Ala. 469, 57 So. 767
(1911), best described the prerequisites for valid delivery:
 Perhaps the clearest and completest statement of the law on this subject is the following, by Dowling, J., in Osborne v. Elslinger, 155 Ind. 351, 360, 58 N.E. 439, 442, 80 Am.St.Rep. 240, 247: "Where the claim of title rests upon the delivery of the deed to a third person, the deed must have been properly signed by the grantor, and delivered by him, or by his direction, unconditionally, to a third person for the use of the grantee, to be delivered by such person to the grantee, either presently, or at some future date, or upon some inevitable contingency, the grantor parting, and intending to part, with all dominion and control over it, and absolutely surrendering his possession and authority over the instrument, so that it would be the duty of the custodian or trustee for the grantee, on his behalf, and as his agent and trustee, to refuse to return the deed to the grantor, for any purpose, if demand should be made upon him. And there should be evidence beyond such delivery of the intent of the grantor to part with his title, and the control of the deed, and that such delivery is for the use of the grantee. If the deed is placed in the hands of a third person, as the agent, friend, or bailee of the grantor, for safe-keeping only, and not for delivery to the grantee; if the *Page 784 
fact that the instrument is a deed is not made known to such third person, either at the time it is handed over, or at any time before the death of the grantor; if the name of the grantee, or other description of him, is not given; and if there is no evidence beyond the mere fact of such delivery of the intent of the grantor to part with his control over the instrument and his title to the land — then such transfer of the mere possession of the instrument does not constitute a delivery, and the instrument fails for want of execution."
175 Ala. at 476-77, 57 So. 767.
While J.W. Chandler did leave instructions to the bank to deliver the deed upon his death, it is without doubt that the bank held the deed only for safekeeping and that he retained control over the deed. Ms. Sport testified that the deed was in a file at the bank under the name of Mr. J.W. Chandler at the time of his death in 1972. She stated that this was done as part of the normal service rendered by the banks in that area, since these banks do not have safe deposit boxes. When specifically questioned about the issue of control, the following ensued:
 Q. Ms. Sport, I will ask you ma'am, would Mr. Chandler or any other person, for that matter, have the right or control to go get the papers from the time that he put them in there at any time prior to their death?
A. Why, sure.
 Q. Would you tell the Court the purpose of your bank having this for your customers, please?
A. Just for safekeeping.
Q. Thank you.
From this testimony, it is quite obvious that Mr. Chandler didnot place the deed beyond his control. Thus, as a matter of law
his right of revocation was not gone and no finding of a valid delivery could have been made. Culver v. Carroll, 175 Ala. 469,57 So. 767 (1911); Fitzpatrick v. Brigman, 130 Ala. 450,30 So. 500 (1900). See also, Johnson v. Bridges, 333 So.2d 813 (Ala. 1976); Elsberry v. Boykin, 65 Ala. 336 (1880).
Had J.W. Chandler deposited the deed into a personal safe deposit box, there is no question that the delivery would not have been complete. Here, however, the bank had no safe deposit boxes, but held documents in special files for its customers. Ms. Sport's testimony shows that these files are the functional equivalent of safe deposit boxes. Therefore, there can be no doubt that J.W. Chandler still had the deed within his control and possession.
For these reasons, I cannot agree that there was a valid delivery of the deed. Thus, I would reverse the holding of the trial court.
MADDOX, ALMON and EMBRY, JJ., concur.