This is an appeal from a declaratory judgment. The First National Bank of Tuskaloosa, as administrator with will annexed of the estate of Ernest Dwight McDuffie (McDuffie), deceased, sought a determination as to whether certain property constituted assets of McDuffie's estate. Glenn D. McDuffie and appellant, Michael H. McDuffie, are the only children of the deceased. Following a hearing on the matter, the trial court held the property to be assets of the estate. We affirm.
The lawsuit arose from the following facts:
On or about October 22, 1980, McDuffie executed a warranty deed purporting to convey certain real property, known as the "Three Branches" property, to Michael McDuffie. This instrument was witnessed by Pat Sanders, a secretary in McDuffie's law firm, and was witnessed and notarized by Norma Holcombe, McDuffie's law partner.
The next day, McDuffie executed another warranty deed. This one purported to convey an interest to Glenn McDuffie in certain property known as the "Fifth Avenue" property. This deed was witnessed and notarized by Miss Holcombe, and was also witnessed by Mary Johns, another secretary in the office. The deeds were never recorded.
It is undisputed that the deeds were not intended to be effective at the time they were executed. At that time, McDuffie instructed the people in his office that the deeds were not to be delivered, but were to be kept in the office until McDuffie decided that they should be delivered. Both secretaries testified as to these instructions, and both testified that, if McDuffie ever decided that the deeds should be delivered, they were unaware of it. Miss Holcombe died subsequent to McDuffie's death, but prior to the hearing.
Because of illness, McDuffie left his law practice a few days before Christmas, 1980. His belongings were removed from his private office by office personnel. There is testimony that the deeds remained in the "closed files" of the office until after McDuffie's death on January 23, 1981. McDuffie's wife testified that in late December McDuffie visited the office and was looking for something, but did not say what he was looking for, and never mentioned any deeds.
Mark Stephens, a former law partner of McDuffie and Miss Holcombe, stated in court that, in early December 1980, *Page 453 
McDuffie told him he had executed the deeds but did not want them to be effective at that time. McDuffie also stated to Stephens that he had given the deeds to Norma Holcombe to hold, and that they were not to be delivered.
Mrs. McDuffie, in her testimony, said that, on numerous occasions between early December 1980 and his death in late January 1981, McDuffie told her he wanted his two sons to have the two parcels of real estate. McDuffie never mentioned deeds to her. She was not aware that Glenn was to receive only a life estate in the Fifth Avenue property, with a remainder to McDuffie's grandchildren. At one point in Mrs. McDuffie's testimony, the following exchange took place between Mrs. McDuffie and the trial judge:
 Mrs. McDuffie: I assumed it was all taken care of from the way he talked.
 Court: You used those words several times. Is that the words he used, that it was all taken care of?
Mrs. McDuffie: Yes.
Another witness, a friend of Michael McDuffie, testified that it was her understanding that the Three Branches property had been given to Michael, but that she always left the room when the subject came up between Michael and his father, so that they could talk privately.
There was further testimony that Norma Holcombe came by McDuffie's house every day after he stopped going to the office, but there was no evidence that he ever mentioned the deeds to her.
The trial court allowed into evidence certain memoranda attached to the deeds. These memoranda, purportedly written by Norma Holcombe, stated that the deeds had not been delivered.
The issues raised by the parties are, in substance, as follows:
 1. Were the deeds executed by McDuffie, granting interests in real estate to his sons, ever effectively delivered?
 2. Did the trial court commit reversible error in admitting into evidence the memoranda purportedly written by a deceased third party?
We are of the opinion that the grantee's evidence fails to show delivery of the deeds and that the trial court did not commit reversible error in admitting into evidence the memoranda attached to the deeds. The judgment of the trial court is affirmed.
The trial court found that McDuffie "gave the deeds to the members of his law firm to hold for safekeeping pending a change in his intention." The law of delivery in such a situation was summarized by this court in Chandler v. Chandler,409 So.2d 780 (Ala. 1981):
 The well-settled, and equally well-understood, "sufficiency of delivery" principle, where delivery is made to a person other than the grantee or his agent, is discussed in Fitzpatrick v. Brigman, 130 Ala. 450, 30 So. 500 (1900):
 "[T]he delivery must be so effectual as to deprive the grantor of the right to revoke it. For so long as he reserves to himself the locus penitentiae, there is no delivery — no present intention to divest himself of the title to the property. . . . [T]he grantor need not expressly reserve to himself this right to repent, but if his act upon which a delivery is predicated does not place the deed beyond his control, as a matter of law, then his right of revocation is not gone.
 ". . . `The law does not presume, when a deed is handed to a third person, that it has been with the intention to pass title to the grantee. In order to make such an act a delivery to the grantee, the intention of the grantor must be expressed at the time in an unmistakable manner . .' — 5 Am. 
Eng.Encyc.Law (1st ed.), note 4, on p. 448." Cited with approval and applied in Culver v. Carroll, [175 Ala. 469, 57 So. 767 (1911)].
409 So.2d at 781. In that case this court went on to hold that there was effective delivery, based upon "J.W. Chandler's unequivocal instruction to the third party to deliver the deed, upon his death, to his son *Page 454 
J.P." 409 So.2d at 782. In the case before us, however, there is no evidence that McDuffie ever communicated to anyone in his office any directions that the deeds were to be delivered. Therefore, under the law as set out in Chandler, supra, there was no effective delivery of the deeds.
The appellant argues that, because the deeds were kept in the files of the law firm of which McDuffie was a partner with directions that they should not be delivered until he gave further instructions, he never delivered the deeds to anyone for safekeeping. Therefore, they conclude, delivery is dependent on the intention of the grantor, derived from what he said and did at the time he executed the deed or subsequent to that time, regardless of the absence of specific instructions to a third party. See Watson v. Watson, 283 Ala. 214,215 So.2d 290 (1968); Low v. Low, 255 Ala. 536, 52 So.2d 218 (1951).
In a case such as this, where a court has made findings of fact based on evidence presented ore tenus, those findings of fact will not be disturbed on appeal unless clearly erroneous or manifestly unjust. Gulledge v. Frosty Land FoodsInternational, Inc., 414 So.2d 60 (Ala. 1982). In the instant case the judge stated:
 The evidence is clear and convincing that at the time of the execution, E.D. McDuffie did not intend for the deeds to be effectual and that the deeds were to be held in his office, in the event that he changed his mind and decided to deliver the deeds.
 The evidence presented by counsel for the grantees is insufficient to show any change of intention by E.D. McDuffie and is, therefore, insufficient to meet the first requisite of a valid delivery, that of intention.
The trial court then went on to say:
 The evidence supports the proposition that E.D. McDuffie gave the deeds to the members of his law firm to hold for safekeeping pending a change in his intention. There was no evidence presented which would show that E.D. McDuffie ever communicated any directions to the members of his law firm to deliver the deeds in question. Therefore, it is the finding of this Court that there was no effective gift of the property, inasmuch as there was no direction to the third party charged with the safekeeping of the deeds to deliver said deeds.
We conclude not only that the trial court's findings of fact are not clearly erroneous or manifestly unjust, but that they are clearly supported by the evidence in the record.
The appellant finally argues that the admission of certain handwritten memoranda attached to the deeds was reversible error. The evidence indicates that these notes were written by Norma Holcombe. We find the memoranda to be hearsay, which should not have been admitted into evidence by the court. However, we conclude that admitting the memoranda amounted to harmless error. Rule 45, A.R.A.P., states:
 No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.
More specifically, with regard to cases presented ore tenus, this court has said:
 It has long been the rule that where a cause is tried by the court without a jury, the admission of illegal evidence raises the presumption of injury, and requires the reversal of the judgment unless the remaining evidence is without conflict and is sufficient to support the judgment.
Liberty National Life Insurance Co. v. Harrison, 274 Ala. 43,145 So.2d 219 (1962) (emphasis added). While the admissible evidence in the case before us is given two *Page 455 
different interpretations by the opposing parties, it is itself without conflict, and is sufficient to support the judgment. Thus, the judgment meets the test under either of the above-quoted rules, and need not be reversed because of the admission of the memoranda into evidence.
For all the above reasons, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, SHORES and EMBRY, JJ., concur.