In 1975, Albert L. Waddell ("A.L.") gathered his eight children together and showed them a drawing that divided a 40-acre tract of land he owned near Hartselle, Alabama, into 8 parcels. He then had an attorney draw up 8 deeds to the property, reflecting the results of the drawing and giving a 5-acre tract to each child. The deeds were prepared and signed. Thereafter, he placed the deeds in a safe deposit box that he maintained, and the deeds stayed there until his death in 1990. The safe deposit box was in the name of A.L. Waddell, as well as one of his children who had access to the box; and A.L. kept the key to the box in his possession throughout his life. The deeds were never recorded.
Following A.L.'s death, three of his heirs at law petitioned for a sale of the land and a division of the proceeds, contending that title to the land had passed pursuant to "the laws of intestate descent," naming the other heirs as defendants. Some of the defendants counterclaimed for a judgment declaring that title had passed to the children by the deeds, alleging that "the property described in the complaint . . . was conveyed by warranty deeds . . . dated April 10, 1975, from grantor A.L. Waddell, to the eight (8) children of A.L. Waddell, heirs of the estate of A.L. Waddell [and that the] conveyance was completed at the time of the execution [and] delivery of said warranty deeds on or about April 10, 1975." The counterclaim sought a determination that the property had been "divided by said warranty deed."
After hearing ore tenus testimony, some of which the trial court properly excluded under the Dead Man's Statute, §12-21-163, Ala. Code 1975, the trial court held that "[t]he subject property [was] jointly owned by the plaintiffs and defendants and [could not] be equitably divided or partitioned" and ordered the land sold and the proceeds divided. Some of the counterclaimants appeal. We affirm.
When a trial court has heard ore tenus testimony, its judgment based upon that testimony is presumed correct and will be reversed only if, after a consideration of the evidence and all reasonable inferences to be drawn therefrom, the judgment is found to be plainly and palpably wrong. See, e.g., King v.Travelers Insurance Co., 513 So.2d 1023 (Ala. 1987).
Suffice it to say, without further discussion, that the record contains no evidence that A.L. "delivered" the deeds — no evidence of a present intent to divest himself of title to the property; no evidence that he gave up control and dominion or possession of the property during his lifetime; no act that placed the deeds beyond his control. See McDuffie v.First National Bank of Tuskaloosa, 450 So.2d 451 (Ala. 1984). We conclude that the trial court's judgment is not "plainly and palpably wrong." To the contrary, it is well supported by the evidence in the record.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur. *Page 547