RICHARD L. HOLMES, Retired Appellate Judge.
Billy Calhoun, d/b/a Calhoun Forestry Mapping Service (Calhoun), filed a complaint against Future Photo & Mapping, Inc. (Future Photo), for work and labor done.
After a non-jury trial, the trial court issued an order, entering a judgment in favor of Calhoun in the amount of $17,266.
Future Photo appeals.
Future Photo contends that the trial court committed reversible error when it found in favor of Calhoun because, it says, the trial court, in reaching its decision, considered certain testimony of Billy Calhoun regarding his agreement with Jeffery Lewis of Future Photo in violation of the Dead Man’s Statute.
The trial court heard testimony from Sharon Lewis and Calhoun. After considering all the evidence, the trial court issued an order, finding that Calhoun was entitled to receive $17,266 from Future Photo. In such a case, the trial court’s findings will not be disturbed on appeal unless such findings are clearly erroneous or manifestly unjust. McDuffie v. First National Bank of Tuskaloosa, 450 So.2d 451 (Ala.1984).
Our review of the record reveals the following: Jeffery Lewis, the owner of Future Photo, died in an airplane crash on February 14, 1993. Sharon Lewis, Jeffery Lewis’s widow, has owned Future Photo since his death. She testified that she did not know what the agreement was between Future Photo and Calhoun, but that while the United States Department of Agriculture (USDA) paid Future Photo $17,000 for certain aerial photographs, Calhoun had not received any money from Future Photo.
Calhoun testified that he is involved in the business of aerial mapping and photography. Calhoun asserted at trial that he had entered into a verbal contract with Jeffery Lewis to *543 produce certain aerial photographs and to deliver these photographs to the USDA.
Calhoun stated that he made 388 aerial photographs and delivered all these photographs to the USDA. It was Calhoun’s testimony that he began making the aerial photographs on January 22, 1993, and that he expended 58 or 59 hours in flight completing this project. Calhoun also testified that he charged $44.50 for each frame (after considering the cost of the flight time, plus film and processing). Calhoun stated that he submitted a bill to Future Photo for $17,266 (388 frames x $44.50) for the production and delivery of these photographs, but that he had never received any payment for his work.
We would note that Future Photo presented no evidence to dispute Calhoun’s claims that he took the 388 aerial photographs and delivered these photographs to the USDA. Additionally, Future Photo presented no evidence to dispute Calhoun’s claims that each photograph cost $44.50.
In its order the trial court stated, in pertinent part:
“[Future Photo] received/accepted [Calhoun’s] work under this contract and received full compensation from the United States Department of Agriculture-Soil Conservation Service for the work of [Calhoun]. [Future Photo] cannot benefit by accepting the work of [Calhoun] under said contract and then disclaim knowledge and the existence of any such agreement.”
(Emphasis in original.)
In fight of the above, we find that there was sufficient evidence to support the trial court’s findings, without considering any of Calhoun’s testimony which might have violated the Dead Man’s Statute. Stated differently, if there was error in the admission of certain evidence, it was “harmless error.” See Rule 45, Ala.RApp.P., and McDuffie, 450 So.2d 451.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
Ml the Judges concur.