This is an appeal from a judgment of the Circuit Court of Talladega County, quieting title to certain land in W.H. Mathis and Sam Carpenter. We affirm.
J. Taylor Johnson allegedly conveyed a certain tract of land to his son, John F. Johnson and minor grandchildren, John Terry Johnson and Johnny Mack Johnson, by a deed dated August 2, 1968. Johnson's testimony tended to show that after signing the deed, J. Taylor Johnson gave it to John Terry Johnson, who gave it to his father, John F. Johnson. The deed was never recorded. Subsequently, the deed was returned to J. Taylor Johnson by his son. After gaining possession of the deed, J. Taylor Johnson marked through the names of the minors, leaving only the name of his son as grantee. He testified that he thought he could not deed the land to minors. He recorded the altered deed on November 3, 1969.
The evidence further showed that John F. Johnson and wife reconveyed the land to J. Taylor Johnson, who then attempted to sell it to William Payton, on September 8, 1972. A title examiner advised Payton against buying the property, and Payton and J. Taylor Johnson exchanged money and a deed to the property. Now Johnson had Payton's deed reconveying the land to him, and Payton had his money returned. After receiving the deed from Payton, Johnson sold the property to William J. Gardner on March 31, 1974. This deed was recorded on April 19. Gardner conveyed the land to Mathis and Carpenter by deed dated April 15, that was recorded April 22, 1974.
Meanwhile, a deed from J. Taylor Johnson to the minor grantees dated September 7, 1972, was recorded May 30, 1974. During the time Johnson allegedly had conveyed the land to the minor grantees, it appears he continued to assess the property in his name, pay the taxes thereon, and exercise dominion over the property. Furthermore, he never offered to return the money received from the sale to Gardner.
The Johnsons contend the principal issue for review is: "Where several grantees are named in a deed properly executed and delivered by the grantor to one of the grantees and the grantor, subsequent to execution and delivery of the deed, reacquires possession of the deed and `marks out' or `marks over' the names of some of the grantees without their knowledge or consent, are those grantees divested of their interest in the property conveyed by the deed?" On the contrary, Mathis and Carpenter contend there was no valid delivery of the deed to the Johnsons. The trial court agreed with them, and found there was never an unconditional conveyance, nor delivery of the deed from J. Taylor Johnson to any minor grantee.
This court said in Gulf Red Cedar Lumber Co. v. O'Neal,131 Ala. 117, 30 So. 466 (1901):
 "It is well settled in this state, whatever may be the rule elsewhere, that whenever a deed has been fully executed and delivered, it passes title to the *Page 815 
grantee therein, which cannot thereafter at law be divested by a mere change in the deed itself, with or without the consent of the grantee; and that when, after due signature and attestation of a conveyance the grantor files it in the probate office for record, this constitutes a sufficient delivery, completing the execution and delivery of the instrument." (Emphasis added.)
This court spoke to the question of delivery of a deed inGulf Red Cedar Co. v. Crenshaw et al., 169 Ala. 606, 53 So. 812
(1910), saying:
 "It is an elementary principle that a deed does not become operative until a delivery, notwithstanding it may be signed and attested or acknowledged. There are also various and sundry ways of making a delivery. No formality, no particular words, no certain acts, are essential to a valid delivery of a deed. The fact rests in intention, and is to be collected from all the acts and declarations of the parties having relation to it. It may be actual, by a transfer of the conveyance, signed and attested, or acknowledged, from the manual possession of the grantor, to the manual possession of the grantee, though not a word is spoken, or it may be by saying something and doing nothing. No particular words are essential if they signify the grantor's intention to part with the dominion over it, and to pass it to the grantee. `Whenever there is a clear manifestation of the intention of the grantor in a deed, in all other respects properly executed, to part with the possession and dominion of it, and to transfer it to the grantor [sic, grantee], the delivery is complete.'" (Emphasis added.)
The trial judge heard the evidence ore tenus, and stated in the order overruling the motion for new trial, "[T]he evidence . . . convinced the Court and the Court so found that there was never an unconditional conveyance nor delivery of a deed from J. Taylor Johnson to the land in question to any minor grantee . . ." We have reviewed the evidence, and from it, we cannot say the decree is plainly and palpably wrong, and it should not be disturbed. McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917
(1921).
AFFIRMED.
HEFLIN, C.J., and BLOODWORTH, ALMON, and EMBRY, JJ., concur.