This is an appeal from an order entered in an action for declaratory judgment in favor of defendants, William T. and Patricia Brashier and Lacey and Frieda Jane Cannon, denying the equitable relief sought by George C. and Billie G. Boohaker.
On November 24, 1980, the Boohakers entered into a contract to purchase a parcel of real estate located in Shelby County from Bud and Maggie McGuire. As one of the conditions to the sale, the McGuires were to provide the Boohakers a fifty-foot-wide easement off Valleydale Terrace for ingress to and egress from the property.
The Brashiers and Cannons jointly owned property through which the driveway into the property would pass. In order to satisfy the sales condition, a three-way transaction was proposed. Under the proposed arrangement, the McGuires would deed over to the Brashiers and the Cannons a triangular-shaped portion of the property originally under contract to be sold to the Boohakers. In exchange, the Brashiers and the Cannons would deed over to the McGuires a thirty-five-foot-wide strip that was to be part of the fifty-foot-wide roadway into the property. Bud McGuire had obtained a deed for the other fifteen feet from his brother Jack. In addition, it would be necessary for the Brashiers and the Cannons to grant an easement directly to the Boohakers in order to fulfill the sales agreement. The real estate agent, acting on behalf of the McGuires, retained an attorney, Robert Sexton, to draft the documents necessary to effectuate the transactions.
The parties to the easement transaction walked over the property, and the area to be covered by the easement was pointed out. Mr. Sexton then drafted the easement document and telephoned Mr. Boohaker to determine if the description in the easement agreement would satisfy the terms of the sales contract. Boohaker replied that it would.
The day before the closing was to take place, the real estate agent took the easement document to the Brashiers and the Cannons for their signatures. They signed the document and gave it to the real estate agent, who returned it to Mr. Sexton for use in the closing.
At some point after the Brashiers and the Cannons signed the document, they learned that the easement agreement covered a grassy slope that they had not agreed to include when the parties had discussed the easement. At this point, the Brashiers and the Cannons raised an objection to the granting of the easement. Mr. Sexton, having learned of the objection, refused to release the easement agreement as one of the closing documents, and the closing did not take place. The Brashiers and the Cannons then recalled the easement document.
The Boohakers, remaining ready and willing to close, filed this action for declaratory judgment, asking the court to determine that the signing and giving of the easement document to the real estate agent and closing attorney constituted an irrevocable delivery of an instrument of conveyance. The court, sitting without a jury, took oral testimony and, on March 23, 1982, rendered a judgment denying the Boohakers' declaratory relief. The court found specifically that there was no intent presently to convey the easement when the easement instrument was delivered to the real estate agent and that the instrument was, therefore, subject to revocation at any time prior to the closing and, secondly, that the easement description contained in the grant did not describe the easement meant by the defendants, the Brashiers and the Cannons, and the person who negotiated the easement with the defendants.
The Boohakers appeal here from that judgment. We affirm.
The central issue presented at trial, and also presented to us for review, is whether the easement was legally delivered to appellants so as to render the conveyance irrevocable. *Page 629 
The question of delivery is one of fact. It rests in the intention of the grantor, which is to be determined from all the attendant circumstances at the time. Chandler v. Chandler,409 So.2d 780 (Ala. 1981); Fitzpatrick v. Brigman, 133 Ala. 242,31 So. 940 (1901) (second appeal); Elsberry v. Boykin,65 Ala. 336 (1880).
There is no particular word or act necessary for delivery; it may be a transfer of physical possession with no words, or words with no transfer of physical possession, or a combination. However it is effected, there must be a clear manifestation of intent to deliver. Gulf Red Cedar Co. v.Crenshaw, 169 Ala. 606, 53 So. 812 (1910); Elsberry v. Boykin,65 Ala. 336 (1880).
A general intention that the subject matter at some time and in some way pass to the grantee is insufficient; that intention is plainly evidenced by the preparing and signing of the deed. The intent sufficient to constitute delivery where the claim of title rests upon the delivery of the deed to a third person is delivery to the third person with an intent to then pass title.Culver v. Carroll, 175 Ala. 469, 57 So. 767 (1911).
Applying the law to the facts of this case, the question of intent to grant the easement at the time of delivery to the real estate agent presented a sharp factual dispute. The findings of fact by the trial court, hearing the ore tenus testimony without a jury, are to be accorded a presumption of correctness. The trial court was warranted in finding a lack of intent to deliver at the time the Brashiers and the Cannons signed the easement instrument and gave it to the real estate agent for inclusion as one of the closing documents. Although both sets of parties point to particular pieces of testimony supporting their respective positions, the trial court, after reviewing all the evidence, chose to believe that the Brashiers and the Cannons intended to grant the easement only at the time of closing, if the closing ever took place. The Brashiers and the Cannons were not to receive their property in return until that time.
Furthermore, the testimony bearing on the grantors' discovery that the proposed easement did not comport with their understanding of the easement to be granted furnished sufficient inference to justify the trial court's finding. There having been no present intent to deliver, the easement document could be recalled at any time prior to the closing.
For these reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, and BEATTY, JJ., concur.