INGRAM, Justice.
Jeff West, a minor, filed a declaratory judgment action, by and through his father, Earlis West, against Joyce West, asking the trial court to declare that Jeff was the sole owner of a certain tract of land. After hearing oral testimony, the trial court entered a summary judgment in favor of Jeff; Joyce appealed.
The record reveals the following facts: On July 16, 1982, Perry and Lula West executed four deeds, dividing 260 acres owned by Perry and Lula as follows: (1) 80 acres to Sarah West Heard, the daughter of Perry and Lula; (2) 80 acres to Earlis, one of Perry and Lula’s two sons, and to Jeff, Earlis’s son; (3) 80 acres to Burlis West, the other son of Perry and Lula, and to Jeff; (4) the remaining 20 acres to Earlis and his wife, Gaynell West, who had a mobile home on this property. The deeds were recorded on August 16, 1982.
At issue in this case is the deed to Burlis and Jeff. When we view the evidence in the light most favorable to the nonmovant, Joyce, the record reveals the following facts: Perry and Lula delivered the deed, naming Burlis and Jeff as grantees, only to Burlis. Burlis told Perry that the deed that Perry and Lula had given him contained Jeff’s name. Perry and Lula indicated that this was a mistake, and, subsequently, they executed and delivered a “deed of correction” to Burlis on August 25, 1982. The deed of correction stated:
“This Deed is made to correct the name or names of the proper and intended Grantee in that certain deed of the undersigned dated July 16, 1982, and recorded in Deed Record 132, Pages 537-538, in the Office of the Judge of Probate of Randolph County, Alabama, to delete and eliminate as a Grantee Jeff West whose name was erroneously included as a Grantee in the preparation of the deed. Said deed was one of several deeds prepared and executed at the same time and the execution of said deed as written was the result of mistake and did not express the true intent of the undersigned.”
Burlis recorded this deed of correction on August 25, 1982. Burlis died on May 22, 1991, and his widow and sole heir is Joyce, the defendant/appellant. Joyce contends that she is the sole owner of the disputed property by virtue of the deed of correction.
*642 In entering the summary judgment in favor of Jeff, the trial court found “no genuine issue as to the following material facts”: (1) the deed of July 16, 1982, from Perry and Lula to Burlis and Jeff was “executed, delivered and recorded”; (2) at the time of the delivery, Burlis and Jeff became vested joint owners with the right of survivorship; (3) Burlis is now deceased; (4) Joyce did not present substantial evidence of “undue influence or mistake” in the execution of that deed; (5) Burlis had the deed of correction prepared in the office of Perry and Lula's attorney and left the office with the deed of correction for purposes of having Perry and Lula execute it; (6) Marilyn Fincher, the notary public whose name appeared on the deed of correction, testified that, although she did not specifically remember the execution of the deed of correction, she would not have notarized Perry’s signature if she had not witnessed his signing the deed; and (7) based upon the testimony of a handwriting expert, Perry did not execute the deed.[1] Based upon these facts, the trial court granted Jeff’s motion for summary judgment, holding that the deed of July 16 was sufficient to pass title to Burlis and Jeff, jointly with the right of survivorship; therefore, the court declared, Jeff became the sole owner of the property upon Bur-lis’s death in 1991.
After reviewing the record, wé hold that Joyce presented substantial evidence that the July 16 deed was not delivered to Jeff, that the grantors did not intend to deliver the deed to Jeff, and, therefore, that Perry and Lula did not convey the property to Burlis and Jeff at the time the deed was delivered to Burlis only.
Generally, a deed is ineffective until it is delivered. See Williams v. Mobil Oil Exploration & Producing Southeast, Inc., 457 So.2d 962, 965 (Ala.1984). The question of whether a deed has been delivered is one of fact, depending upon the intent of the grantor, as ascertained from all the surrounding circumstances. Boohaker v. Brashier, 428 So.2d 627, 629 (Ala.1983); Chandler v. Chandler, 409 So.2d 780, 782 (Ala.1981). The intention of the grantor is “of paramount importance” in determining whether a deed has been delivered. Randolph v. Randolph, 245 Ala. 689, 694, 18 So.2d 555, 559 (1944). Although delivery to one of two or more grantees is generally sufficient to constitute delivery to all, see Am.Jur.2d Deeds § 141 (1983), a party may present evidence to show that the grantor’s intent was not to make delivery to all. See Johnson v. Bridges, 333 So.2d 813, 815 (Ala.1976).
In opposition to the motion for summary judgment, Joyce presented substantial evidence that Perry and Lula had executed the deed of correction when Burlis brought it to their attention that Jeff had been listed as a grantee by mistake. Evidence that Perry and Lula had not intended to convey the land to Burlis and Jeff is evidence that the delivery to Burlis was not intended to be delivery to Jeff as well. If the delivery was ineffective as to Jeff, the July 16 deed did not convey Perry and Lula’s title to Jeff and Burlis.
Additionally, we conclude that the evidence of the handwriting expert does not dispose, as a matter of law, of the factual question whether Perry signed the deed of correction. The principal reason is that the testimony of the notary public, viewed in the light most favorable to the nonmovant, Joyce, would support a finding that Perry signed the deed of correction, because the notary testified that she would not have signed as notarizing Perry's signature if she had not seen Perry actually sign the document. “The certificate of a notary is presumptively correct, and the evidence necessary to impeach it must be clear and convincing.” Central Bank of the South v. Dinsmore, 475 So.2d 842, 845 (Ala.1985). The certificate of the notary on the deed of correction, together with Joyce’s testimony that she witnessed Perry and Lula’s execution of that deed, is sufficient to present a question of fact for the jury.
Joyce presented substantial evidence that the deed to Burlis and Jeff was not properly delivered because it was not intended to *643 be delivered to Jeff and that Perry and Lula executed a deed of correction conveying the property to Burlis alone. Therefore, we hold that the trial court erred in entering a summary judgment in favor of Jeff, because there are genuine issues of material fact. The summary judgment is reversed and the case is remanded to the trial court for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.

. There is no evidence that Lula did not properly sign the deed of correction.