939 So.2d 936 (2006)
Brigitte DEAKLE and Victoria Ursula Brown
v.
Charlotte CHILDS, as administratrix of the estate of Myrtle Gray Smith, deceased.
2040595.
Court of Civil Appeals of Alabama.
April 7, 2006.
*937 Thomas R. Boller, Mobile, for appellants.
Wesley H. Blacksher of Blacksher & Herrington, L.L.C., Mobile, for appellee.

On Application for Rehearing.
CRAWLEY, Presiding Judge.
The opinion of this court issued on January 27, 2006, is withdrawn, and the following is substituted therefor.
In July 2000 Myrtle Gray Smith sued Brigitte Deakle and her daughter, Victoria Ursula Brown, alleging fraud and seeking to set aside a conveyance of real property. Smith alleged that in February 2000 Deakle, Smith's long-term caregiver, had fraudulently induced her to convey to Deakle and Brown, as joint tenants with the right of survivorship, a remainder interest *938 in the real property upon which Smith's residence was located by representing that, unless Smith conveyed the property, Smith's sister would take her house and have Smith put in a nursing home.
Deakle answered Smith's complaint, acknowledged that Deakle had received a deed from Smith, asserted the affirmative defense of estoppel, and began to conduct discovery, taking Smith's deposition in October 2000. In October 2003 Smith died. In February 2004 the case was set for trial on September 22, 2004. In July 2004 Charlotte Childs, as the administratrix of Smith's estate, was substituted as the plaintiff (hereinafter sometimes referred to as "the administratrix"). On September 8, 2004, Deakle and Brown moved for a summary judgment. On September 20, 2004, the trial court continued the trial date for 60 days in response to a motion filed by the administratrix.
On September 24, 2004, the administratrix moved for leave to amend the complaint, seeking to have the conveyance set aside on the additional ground that Smith was suffering from Alzheimer's disease and was not of sound mind at the time she executed the deed to Deakle and Brown. The motion alleged that Childs had testified at a September 8, 2004, deposition that her mother had various mental deficiencies, including Alzheimer's disease. Deakle and Brown objected to the proposed amendment, pointing out that counsel for the administratrix had represented Smith before her death and asserting that, if Smith had suffered from a lack of mental capacity at the time she executed the deed in 2000, her counsel could have ascertained that fact, either in July 2000 when he filed the complaint on her behalf and offered her affidavit or in the ensuing three years that the lawsuit was pending before Smith's death. Deakle and Brown asserted that they would be prejudiced by the amendment because they could no longer depose Smith or conduct a psychological examination of Smith. The trial court granted leave to amend on October 14, 2000.
The administratrix also moved for a summary judgment against Brown on September 24, 2004, alleging that, as to Brown only, the deed was invalid for lack of delivery. On December 17, 2004, the trial court denied Deakle and Brown's motion for a summary judgment and entered a partial summary judgment against Brown. On February 2, 2005, the trial court entered two orders pursuant to Rule 54(b), Ala. R. Civ. P.: one directing the entry of a final judgment as to its order adjudicating the administratrix's claims against Brown and one directing the entry of a final judgment as to its order granting the administratrix's motion for leave to amend the complaint as to the claims asserted against Deakle.
Brown appeals from the partial summary judgment entered in favor of the administratrix, raising two issues: (1) whether the trial court abused its discretion in allowing the administratrix to amend the complaint, and (2) whether the trial court erred as a matter of law in concluding that the deed was invalid as to Brown because there was no delivery as to Brown. Deakle purports to appeal from the order granting the administratrix's motion for leave to amend the complaint, an order that the trial court certified as final pursuant to Rule 54(b). However, because there was no final resolution of any claim against Deakle, the trial court had no authority to certify the order as final and Deakle has no right of appeal from the order granting the administratrix's motion for leave to amend the complaint.
Rule 54(b), Ala. R. Civ. P., states, in pertinent part:

*939 "When more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."
The order granting the motion by the administratrix to amend the complaint was an interlocutory order.
"The procedure envisioned by [Rule 54(b), Ala. R. Civ. P.,] is not the same as the certification of appealability authorized by 28 U.S.C.A. § 1292(b), permitting appeals of interlocutory orders involving a controlling question of law over which substantial difference of opinion may exist. [Rule 54(b)] speaks to final orders and cannot be applied so as to achieve the equivalent of an interlocutory appeal as provided for in 28 U.S.C.A., § 1292(b). Alabama has a procedure comparable to the federal statute. See Rule 5, Alabama Rules of Appellate Procedure."
2 Champ Lyons, Jr. and Ally W. Howell, Alabama Rules of Civil Procedure Annotated 156 (4th ed.2004) (emphasis added).
A trial court's recitation of the formula for certification of a judgment pursuant to Rule 54(b), Ala. R. Civ. P., "does not ipso facto make the order appealable." 2 C. Lyons and A. Howell, Alabama Rules of Civil Procedure Annotated 154. In Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 361-62 (Ala.2004), the Alabama Supreme Court observed:
"To be sure, the trial court recited the formula for certification of a judgment pursuant to Rule 54(b), Ala. R. Civ. P. However, `[n]ot every order has the requisite element of finality that can trigger the operation of Rule 54(b).' Goldome Credit Corp. v. Player, 869 So.2d 1146, 1147 (Ala.Civ.App.2003) (emphasis added). A claim is not eligible for Rule 54(b) certification unless it has been completely resolved by the judgment.
". . . . `[T]he trial court cannot confer appellate jurisdiction upon this [C]ourt through directing entry of judgment under Rule 54(b) if the judgment is not otherwise "final."' Robinson v. Computer Servicenters, Inc., 360 So.2d 299, 302 (Ala.1978)."
Rather than appealing from the trial court's interlocutory order, Deakle should have filed a petition for a writ of mandamus. See Ex parte Fort James Operating Co., 905 So.2d 836 (Ala.Civ.App.2004) (holding that a petition for a writ of mandamus is the appropriate mechanism for challenging a trial court's grant of leave to amend a complaint). However, for the reasons explained in Part I of this opinion, the issue raised by Deakle is moot.

I. The Amendment
Rule 15(a), Ala. R. Civ. P., states, in pertinent part:
"Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court's own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires. Thereafter, a party may amend a pleading only by leave of court, and leave shall be given only upon a showing of good cause."
"`"[T]he grant or denial of leave to amend is a matter that is within the discretion of the trial court and is subject to reversal on appeal only for an abuse of discretion."'" Rector v. Better Houses, Inc., 820 So.2d 75, 78 (Ala.2001)(quoting Boros v. Baxley, 621 So.2d 240, 245 (Ala.1993)).

*940 "Under Rule 15(a), in order to obtain leave of the trial court to file [an] . . . amendment . . ., [the movant has] the burden of showing `good cause.' Further, even if a party makes a showing of good cause, the trial court does not have unbridled discretion, but must consider whether a proposed amendment will result in undue delay or prejudice to the defendant. See Stead v. Blue Cross-Blue Shield of Alabama, 294 Ala. 3, 6, 310 So.2d 469, 471 (1975) (quoted with approval in Ex parte Bailey, 814 So.2d 867 (Ala.2001)). Cf. Ex parte Liberty Nat'l Life Ins. Co., 858 So.2d 950, 954 (Ala.2003) (explaining that when `good cause' is shown for an amendment to a complaint filed after the 42-day period before the first setting of the case for trial has expired, a denial of the leave to amend must be based on a `valid ground' for doing so, such as actual prejudice or undue delay)."
Ex parte Fort James Operating Co., 905 So.2d at 845. The administratrix argues that she established good cause for the amendment by showing that the issue of Smith's mental capacity was never raised until Deakle and Brown deposed Childs, Smith's daughter, and she provided the information that her mother suffered from Alzheimer's disease. Although Deakle and Brown argue that they will be prejudiced by the amendment because they cannot now depose Smith or have her submit to a mental examination, we note that the determinative issue will be Smith's capacity "`at the very time of the transaction,'" i.e., when she signed the deed. Abbott v. Rogers, 680 So.2d 315, 317 (Ala.Civ.App.1996)(quoting Wilson v. Wehunt, 631 So.2d 991, 996 (Ala.1994) (citing Hall v. Britton, 216 Ala. 265, 267, 113 So. 238, 239 (1927))).
On that issue, notwithstanding the fact that Smith may have suffered from Alzheimer's disease, the administratrix will have the burden of proving Smith's incapacity to execute the deed, see Ex parte Chris Langley Timber & Management, Inc., 923 So.2d 1100 (Ala.2005), and, as our supreme court has pointed out, a factfinder "`"`may find [expert] testimony [regarding the capacity of a grantor to execute a deed] adequately rebutted by the observations of mere laymen.'"'" Ex parte Chris Langley Timber & Mgmt., Inc., 923 So.2d at 1108 (quoting Lackey v. State, 615 So.2d 145, 153 (Ala.Crim.App. 1992), quoting in turn Ellis v. State, 570 So.2d 744, 752 (Ala.Crim.App.1990), quoting in turn United States v. Mota, 598 F.2d 995, 999 (5th Cir.1979), and citing Greider v. Duckworth, 701 F.2d 1228, 1234 (7th Cir.1983)).
We agree with the administratrix's arguments regarding good cause and lack of prejudice. Accordingly, we hold that the trial court did not exceed the limits of its discretion by allowing the amendment to the complaint.

II. Delivery of the Deed
In her motion for a summary judgment against Brown, the administratrix alleged that on February 17, 2000, Smith purported to convey a remainder interest in the property to Deakle and Brown, as joint tenants with the right of survivorship, and to retain a life estate for herself. She attached to her motion a copy of the deed indicating that the instrument was filed in the Mobile Probate Court on February 24, 2000.[1] The administratrix further alleged that defendant Brown stated, in deposition *941 testimony,[2] that she had no knowledge of the deed until she was served with the summons and complaint in this lawsuit; that she had done nothing to acquire the property described in the deed; and that she did not believe she was entitled to the property. The motion concluded that the deed was inoperative as to Brown because it was never delivered, actually or constructively, to Brown.
In opposition to the administratrix's motion for a summary judgment, Brown responded with legal authorities cited for the propositions (1) that recordation of a deed is prima facie evidence of delivery to the named grantees and (2) that a grantor's intent rather than a grantee's knowledge of the conveyance is determinative as to questions regarding delivery.
Appellate review of a summary judgment is de novo. Ex parte Ballew, 771 So.2d 1040 (Ala.2000). A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing "that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Rule 56(c)(3); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992). If the movant meets this burden, "the burden then shifts to the nonmovant to rebut the movant's prima facie showing by `substantial evidence.'" Lee, 592 So.2d at 1038 (footnote omitted). "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see Ala.Code 1975, § 12-21-12(d).
"Whether a deed or other conveyance has been delivered is a question of fact to be ascertained from the circumstances surrounding the alleged delivery." Jesse P. Evans III, Alabama Property Rights and Remedies § 4.3[p] at 4-45 (3d ed.2004) (footnote omitted). The intent of the grantor, not the knowledge of the grantee, is of paramount importance in determining whether a deed has been delivered. See, e.g., Strickland v. Griswold, 149 Ala. 325, 43 So. 105 (1907) (holding that when a grantor delivered a deed to one of the co-grantees therein, telling her to keep it in a box and to deliver it to the proper parties at his death, the title passed at that time, irrespective of the place where the deed was kept); and Arrington v. Arrington, 122 Ala. 510, 26 So. 152 (1899) (when father of illegitimate children handed a deed to children's mother and told her to look after the children, delivery was effective as to the children).
In West v. West, 620 So.2d 640, 642 (Ala.1993), the Alabama Supreme Court set out the following general principles with respect to the delivery of a deed:
"Generally, a deed is ineffective until it is delivered. See Williams v. Mobil Oil Exploration & Producing Southeast, Inc., 457 So.2d 962, 965 (Ala.1984). The question of whether a deed has been delivered is one of fact, depending upon the intent of the grantor, as ascertained from all the surrounding circumstances. Boohaker v. Brashier, 428 So.2d 627, 629 (Ala.1983); Chandler v. Chandler, 409 So.2d 780, 782 (Ala.1981). The intention of the grantor is `of paramount importance' in determining whether a deed *942 has been delivered. Randolph v. Randolph, 245 Ala. 689, 694, 18 So.2d 555, 559 (1944). Although delivery to one of two or more grantees is generally sufficient to constitute delivery to all, see Am.Jur.2d Deeds § 141 (1983), a party may present evidence to show that the grantor's intent was not to make delivery to all. See Johnson v. Bridges, 333 So.2d 813, 815 (Ala.1976)."
In the present case, Brown's unawareness of Smith's having delivered a deed to Deakle, Brown's mother, is not determinative, as the trial court apparently believed. The determinative question, which is one of fact inappropriate for resolution on a motion for a summary judgment, is whether Smith intended to convey her property to Brown.
The trial court's order granting the administratrix's motion for leave to amend the complaint is affirmed. The summary judgment against Brown and in favor of the administratrix is reversed, and the cause is remanded for further proceedings.
APPLICATION OVERRULED; OPINION OF JANUARY 27, 2006, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, PITTMAN, and BRYAN, JJ., concur.
MURDOCK, J., concurs in part and dissents in part, with writing.
MURDOCK, Judge, concurring in part and dissenting in part.
I respectfully dissent as to Part I of the main opinion; I concur as to Part II of that opinion.
NOTES
[1] The record contains no information with respect to the identity of the person who recorded the deed.
[2] The summary-judgment motion states that an excerpt from the deposition testimony is attached as "Exhibit B" to the motion. There is no "Exhibit B" in the record before this court. Its absence, however, does not affect our decision on this appeal.