THOMPSON, Presiding Judge.
This is the second time these parties have been before this court. Kraz, L.L.C., Rubina K. Gillani, and Zahra A. Shroff (“the plaintiffs”) filed an action against Phillip Holliman, Bonnie Holliman, Patty Snell & Associates, L.L.C. (“Snell & Associates”), Billy Cook, West Alabama Insured Titles, L.L.C. (“West Alabama”), Memory Ashford, and certain fictitiously named defendants on May 20, 2011. In their complaint, the plaintiffs made the following pertinent allegations. Ashley Williamson owned a parcel of real property located in Tuscaloosa County (“the parcel”). Andalusia Enterprises, Inc. (“Andalusia”), held a judgment against Williamson. Phillip Holliman and Bonnie Holliman held a mortgage on the parcel. In July 2009, the Hollimans foreclosed on the mortgage and purchased the parcel at a foreclosure sale. On December 15, 2009, Gillani and Shroff entered into a contract with the Hollimans to purchase the parcel (“the sale contract”). Cook, who worked for Snell & Associates, was the real-estate salesperson. Snell & Associates acted as a limited consensual dual agent for the parties to the transaction. The contract provided that the Hol-limans would convey “good and merchantable title in fee simple” to Gillani and Shroff and that the parcel would be “free of all encumbrances.” Ashford, an agent of West Alabama, acted as the “settlement agent” for the transaction and conducted the sale of the parcel on December 23, 2009.
According to the allegations in the complaint, Gillani and Shroff asked multiple times at the closing whether the parcel was being conveyed with good title and were assured by all the defendants that it was being offered for sale with good title. Title insurance was issued for the parcel on December 29, 2009, that excepted from coverage any rights of redemption arising from the previous foreclosure sale of the parcel.
On May 10, 2010, Andalusia filed an action in the Tuscaloosa Circuit Court to redeem the parcel (“the redemption action”). On August 19, 2010, Shroff and Gillani conveyed the parcel to Kraz, L.L.C. On May 2, 2011, the trial court in the redemption action entered a summary judgment in favor of Andalusia, allowing it to redeem the parcel.
In the present action, the plaintiffs asserted claims of breach of contract against the Hollimans; breach of fiduciary duty against Cook, Snell & Associates, Ashford, and West Alabama; failure to disclose against Ashford and West Alabama; and fraud and negligence against all the defendants. They attached numerous documents to their complaint, including, among other things, a copy of the sale contract.
On June 24, 2011, West Alabama filed a motion to dismiss. Among other things, West Alabama argued that Gillani and Shroff had agreed to purchase the parcel in an “as is” condition and that it was “apparent” from the documents attached to the complaint that the parties anticipated that the Hollimans might not be able to convey merchantable title to Gillani and Shroff. West Alabama asserted that the title-insurance policy that it had issued expressly disclosed the right of redemption, and it argued that the deed for the *1163 parcel that was delivered by the Hollimans expressly made the conveyance of the parcel “as is, where is” and “subject to any existing right of redemption.” West Alabama argued that, under the doctrine of merger, the sale contract merged into the deed and the deed, which expressly stated that the parcel was conveyed “as is” and subject to any existing right of redemption, provided the sole terms of the parties’ agreement. The Hollimans filed a motion to dismiss in which they incorporated by reference the arguments contained in West Alabama’s motion to dismiss.
On July 11, 2011, Cook and Snell & Associates filed a motion to dismiss and a brief in support. They argued that any liability for the claims against them was defeated by a provision in the sale contract indicating that the parcel was sold “as is” and a second provision in which, they argued, Gillani and Shroff disclaimed any reliance by them on any representation of the seller or the seller’s agents.
The trial court set the motions to dismiss for a hearing on July 29, 2011. On the day scheduled for the hearing, the plaintiffs filed a response to the motions to dismiss. The plaintiffs argued, among other things, that the sale contract was ambiguous because, although it provided that the parcel was being sold “as is,” the sale contract also required that the Hollimans convey good title to the parcel; they argued that the ambiguity should be resolved in the plaintiffs’ favor. The plaintiffs also argued that the merger doctrine did not operate to extinguish the terms of the sale contract because a separate document signed by Shroff, Gillani, and the Hollimans indicated their agreement that the terms and conditions of the sale contract would survive the closing on the parcel. The plaintiffs asserted that Gillani and Shroff had asked at the closing whether there were any problems with the title of the parcel and that the defendants did not indicate the existence of any such problems.
On July 29, 2011, the trial court entered an order in which it converted the motions to dismiss to summary-judgment motions and continued the hearing on those motions until August 22, 2011.
On August 12, 2011, West Alabama filed a supplement to its motion in which it submitted Ashford’s affidavit and cited additional caselaw in support of its argument that the language contained in the deed defeated the plaintiffs’ claims. In her affidavit, Ashford stated that she attended the closing on the parcel and that, during the closing, Gillani and Shroff were given a copy of the title commitment, which indicated the existence of a statutory right to redeem the parcel. On August 15, 2011, the Hollimans filed a supplement to their motion in which they joined West Alabama’s supplement to its motion.
Separately on August 12, 2011, Cook and Snell & Associates filed a motion for a summary judgment and a supporting brief. They argued that the “as is” provision in the sale contract barred the plaintiffs’ claims against them. They also asserted that they did not owe the plaintiffs a fiduciary duty and that, even if they did, they did not breach that duty. They argued that they served only as a conduit of information between Gillani and Shroff and the Hollimans and that they did not have independent knowledge of the quality of the Hollimans’ title. Finally, they argued that Gillani and Shroff were fully informed of the statutory right of redemption at the time of closing by virtue of having received at that time a title-insurance binder listing the existence of the right of redemption.
Cook and Snell & Associates submitted a number of documents as attachments to their brief, including Cook’s affidavit. In that affidavit, Cook stated, among other *1164 things, that Gillani and Shroff did not inquire during the closing as to the quality of title being conveyed.
On August 19, 2011, the plaintiffs filed a motion to continue the hearing on the pending summary-judgment motions. The plaintiffs also submitted the affidavit of Karim Gillani, the father-in-law of Rubina Gillani, in opposition to the pending summary-judgment motions on August 20, 2011. In his affidavit, Karim Gillani stated that, during the closing on the parcel, he asked three times whether the parcel had clear title. He stated that the defendants all agreed that the parcel was free and clear of any and all “liens” and that no one presented anything in writing indicating that there were any “liens” on the parcel.
On August 21, 2011, the plaintiffs filed what they titled a “final supplement to opposition to defendants’ motion for summary judgment.” In it, they stated that Rubina Gillani and Shroff had repeatedly been assured that the parcel was being conveyed with clear title, and they again argued that the terms of the sale contract requiring the conveyance of clear title to the parcel survived the closing. To their supplement, the plaintiffs attached the affidavit of Rubina Gillani, in which she stated that she had relied upon the statement in the sale contract that the Hollimans would transfer clear title to the property to her and that her father, Karim Gillani, had asked three times during the closing whether title to the parcel was clear. The plaintiffs also attached the affidavits of Shabnam Gillani, Khaleel Gillani, and Sal-im ■ Gillani, each of whom confirmed that Karim Gillani had asked three times during the closing whether the parcel had clear title and that he had received an affirmative response from Ashford, the Hollimans, and Cook.
On August 22, 2011, the day set for the hearing on the defendants’ summary-judgment motions, the plaintiffs filed an objection to the defendants’ motions on the ground that the defendants had filed materials supporting their motions less than 10 days before the hearing, in violation of Rule 56(c)(2), Ala. R. Civ. P. On the same day, West Alabama and the Hollimans filed a motion to strike the affidavits the plaintiffs had submitted on August 21, 2011, because, they asserted, they were untimely. The trial court continued the hearing on the defendants’ motions, resetting the hearing for September 8, 2011.
On August 31, 2011, Cook and Snell & Associates filed a supplement to their brief in support of their summary-judgment motion, attaching the deed by which the Hol-limans had conveyed the parcel to Gillani and Shroff.
On September 6, 2011, the plaintiffs filed a motion to substitute Ticor Title Insurance Company of Florida (“Ticor”) for a fictitiously named defendant. Separately, the plaintiffs filed a motion to stay the action and to refer the parties’ dispute to arbitration. They asserted that the sale contract contained an arbitration clause requiring that any dispute arising out of the sale contract be submitted to arbitration. They also asserted that the title-insurance policy issued to Gillani and Shroff for the parcel contained a provision providing for arbitration of disputes. The plaintiffs also filed an amended supplement to their objection to the defendants’ summary-judgment motions in which they argued that there was a genuine issue of material fact as to whether they had been put on notice of a defect in the title of the parcel. They also asked that the court deny the summary-judgment motions to “allow the plaintiffs enough time to adequately prepare [their] case.”
On September 7, 2011, the plaintiffs filed a motion to amend their complaint to add claims of breach of contract and fraud *1165 against Cook, Snell & Associates, Ashford, West Alabama, and Ticor.
On September 8, 2011, West Alabama filed a response to the plaintiffs’ motion to compel arbitration. It argued that it was not a party to the title-insurance policy that contained the arbitration agreement and that, as a result, the claims against it were not subject to arbitration. West Alabama also contended that the plaintiffs had waived their right to seek arbitration because they chose to file an action against the defendants rather than to seek arbitration. West Alabama stated that the defendants had been prejudiced by the plaintiffs’ engaging in litigation because they had been forced to respond to the litigation, to attend hearings, and to respond to discovery requests. It stated that “[t]he litigation costs incurred by this Defendant alone total several thousand dollars representing over forty hours dedicated to this litigation” and that the plaintiffs had waited until only two days before the hearing on the defendants’ dispositive motions to raise the issue. The Hollimans joined West Alabama’s response. On September 15, 2011, Ashford filed a motion for a summary judgment based on the same grounds that West Alabama had asserted.
West Alabama also filed an opposition to the plaintiffs’ motion to amend their complaint; the Hollimans joined in that opposition. Cook and Snell & Associates also filed an opposition to the amendment of the plaintiffs’ complaint.
The trial court scheduled a hearing on the pending summary-judgment motions for September 19, 2011. On September 17, 2011, the plaintiffs filed a second affidavit of Rubina Gillani. On September 20, 2011, Cook and Snell & Associates filed a motion to strike that affidavit because, they asserted, the affidavit was untimely and contained legal conclusions and statements that were inconsistent with prior sworn testimony.
On September 20, 2011, the trial court entered a summary judgment on all the claims asserted against Cook, Snell & Associates, and West Alabama. The trial court entered a summary judgment as to all the claims asserted against the Holli-mans, except for the claim of breach of contract. In separate orders entered the same day, the trial court denied the plaintiffs’ motion to amend their complaint and their motion to compel arbitration.
The plaintiffs filed an appeal to our supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975. The plaintiffs, among other things, appealed the trial court’s denial of their motion to compel arbitration. This court affirmed without an opinion that part of the appeal in which the plaintiffs argued that the trial court had erred in denying their motion to compel arbitration. Kraz, L.L.C. v. Holliman (No. 2110196, April 27, 2012), 143 So.3d 873 (Ala.Civ.App.2012) (table). The plaintiffs also purported to raise issues pertaining to the propriety of the September 20, 2011, summary-judgment order, the trial court’s denial of their motion to amend their complaint, and the trial court’s failure to rule on their motion to substitute Ticor for a fictitiously named defendant.[1] This court granted the appellees’ motion to strike those arguments on the basis that the arguments related to interlocutory orders and, therefore, would not support an appeal.[2]
*1166 While the appeal of the denial of the plaintiffs’ motion to compel arbitration was pending in this court, the trial court entered an order staying the action pending the resolution of the appeal. This court’s no-opinion order of affirmance in Kraz, L.L.C. v. Holliman was released on April 27, 2012, and our supreme court denied a petition for certiorari review on August 10, 2012; this court entered its certificate of judgment on August 10, 2012. While the petition for a writ of certiorari was pending, Cook and Snell & Associates moved the trial court for the entry of a Rule 54(b) certification of the September 20, 2011, summary-judgment order.
On August 30, 2012, the trial court entered an order granting Ashford’s September 15, 2011, motion for a summary judgment. On March 27, 2013, the trial court entered a summary judgment in favor of the Hollimans on the plaintiffs’ breach-of-contract claims. The plaintiffs appealed, and our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
In their appellate brief, the plaintiffs argue that the trial court erred in denying their September 7, 2011, motion to amend their complaint. As already stated, in their proposed amended complaint, the plaintiffs sought to assert breach-of-contract claims against Snell & Associates, Cook, Ashford, West Alabama, and Ticor;[3] in their proposed amended complaint, the plaintiffs noted that they had moved to substitute Ticor for a fictitiously named defendant. In addition, in their proposed amended complaint, the plaintiffs set forth their fraud claims against Snell & Associates, Cook, Ashford, West Alabama, and Ticor in more detail.
With regard to the amendment of pleadings, Rule 15(a), Ala. R. Civ. P., provides:
“(a) Amendments. Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court’s own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires. Thereafter, a party may amend a pleading only by leave of court, and leave shall be given only upon a showing of good cause. A party shall plead in response to an amended pleading within the time remaining for a response to the original pleading or within ten (10) days after service of the amended pleading, whichever period may be longer, unless the court orders otherwise.”
The plaintiffs cite Ex parte Bailey, 814 So.2d 867 (Ala.2001), for the proposition that amendments to complaints should be freely allowed. In Ex parte Bailey, our supreme court explained:
“Rule 15(a), Ala. R. Civ. P., provides that amendments of pleadings ‘shall be freely allowed when justice so requires.’ A trial judge does not have unbridled discretion to refuse such an amendment.
“ We simply state here that if Rule 15 is to be of any benefit to the bench, bar, and the public, the trial judges must be given discretion to allow or refuse amendments. However, we state that amendments are to be freely allowed and refusal of an amendment must be based on a valid ground. We state also that Rule 15 *1167 must be liberally construed by the trial judges. But, that liberality does not include a situation where the trial on the issues will be unduly delayed or the opposing party unduly prejudiced.’
“Stead v. Blue Cross-Blue Shield of Alabama, 294 Ala. 3, 6, 310 So.2d 469, 471 (1975) (emphasis supplied). When it granted the motion to strike, the trial court did not state any ground for doing so. [The respondent], who did not claim that the amendment would result in undue delay or prejudice, has not provided any valid ground for the trial court’s order.”
Ex parte Bailey, 814 So.2d at 869-70. See also Ex parte Liberty Nat’l Life Ins. Co., 858 So.2d 950, 953 (Ala.2003) (When a motion to amend a pleading is filed more than 42 days before the action is scheduled for a trial, “a trial court has no discretion; it can deny a requested amendment only if there exists a ‘valid ground’ for the denial, such as ‘actual prejudice or undue delay.’ ... In other words, the burden is on the trial court to state a valid ground for its denial of a requested amendment.”).
In their briefs submitted to this court, the defendants advocate affirming the denial of the motion to amend the complaint based on Government Street Lumber Co. v. AmSouth Bank, N.A., 553 So.2d 68 (Ala.1989). In that case, after the plaintiffs filed their action, the parties engaged in discovery, including the taking of depositions, in support of their positions on a summary-judgment motion. The parties agreed that discovery would be completed by a certain date, and the trial court scheduled a date for the trial on the merits, although that date was later postponed. After the original date for trial, and after the date on which the summary-judgment motion had been submitted to the trial court for its consideration, the plaintiffs filed an amended complaint, and AmSouth then moved to strike that amended complaint. The trial court granted the motion to strike the amended complaint and entered a summary judgment in favor of AmSouth. On appeal, our supreme court, among other things, affirmed the trial court’s striking of the amended complaint, holding cursorily that, under the facts of that case, the trial court had not abused its discretion in so ruling. Government Street, 553 So.2d at 70.
This case is distinguishable from Government Street in that, in this case, the motion to amend was not filed after the matter had been scheduled for trial. In fact, the trial court in this case had not scheduled the matter for a trial at the time it entered its order denying the motion to amend. In such a situation, or where the motion to amend is filed more than 42 days before a scheduled trial date, the denial of a motion to amend a pleading “ ‘ “must be based on a valid ground,” ’ ... such as ‘actual prejudice or undue delay.’” Ex parte GRE Ins. Grp., 822 So.2d 388, 390 (Ala.2001) (quoting Ex parte Bailey, 814 So.2d at 869, and Ex parte Thomas, 628 So.2d 483, 486 (Ala.1993)).
The plaintiffs sought to amend their complaint approximately four months after the filing of their initial complaint. At that time, the discovery conducted by the parties was limited to the exchange of documents; no depositions of any of the parties or potential witnesses had occurred. The action had not been scheduled for a trial on the merits; only a summary-judgment hearing had been scheduled.
Rule 15(a) freely allows an amendment to a complaint unless, among other things, an opposing party moves to strike the amendment. In this case, we interpret the oppositions or responses filed by the defendants to the plaintiffs’ motion to amend their complaint to be, in substance, *1168 motions to strike that amendment. See Ex parte Alfa Mut. Gen. Ins. Co., 684 So.2d 1281, 1282 (Ala.1996). A motion must be interpreted by its substance rather than by its style. In their oppositions, the defendants did not argue that they would be prejudiced by the amendment or that an amendment would cause undue delay.[4] Rather, the defendants argued before the trial court that the claims asserted in the proposed amended complaint were without merit. The trial court did not state a basis for its ruling.
Given the facts of this case and the procedural posture of the case at the time the plaintiffs’ sought to amend their complaint, we conclude that the trial court erred in denying the plaintiffs permission to assert that amendment. As our supreme court explained in Ex parte Bailey, 814 So.2d at 870, “[a]t the time [the plaintiffs] filed the ... amendment, the case had not been set for trial, and it is uncontested that the amendment would not cause undue delay or prejudice the substantial rights of any party.” Accordingly, we reverse the order denying the motion to amend the complaint, and we remand the cause for further proceedings consistent with this opinion.[5]
Because we have concluded that the trial court erred in refusing to allow the plaintiffs to assert additional claims in their amended complaint, and because we are directing the trial court to enter an order allowing those claims, we reverse the judgment and remand for further proceedings.
REVERSED AND REMANDED.
PITTMAN and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.
DONALDSON, J., recuses himself.

. Although the plaintiffs filed a motion to substitute Ticor as a named defendant to their complaint, the trial court did not rule on that motion, and the plaintiffs did not serve Ticor. Accordingly, Ticor was never a party to this action.

. An order granting or denying a motion to amend a complaint is interlocutory. Deakle v. *1166 Childs, 939 So.2d 936, 939 (Ala.Civ.App.2006).

. In the proposed amended complaint, the plaintiffs referred in their allegations to "the Title Company” and stated that that term "include[d]” Ticor.

. Our supreme court has stated:
" 'In the context of a [Rule] 15(a) amendment, prejudice means that the nonmoving party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the ... amendments been timely.” ' Id. (Emphasis added.) (Quoting Heyl & Patterson Int’l v. F.D. Rich Housing of Virgin Islands, Inc., 663 F.2d 419, 426 (3d Cir.1981).) 'And by prejudice to the rights of the other party is meant, without loss to him other than such as may result from establishing the claim or defense of the party applying.’ McDaniel v. Hoblit, 34 Wyo. 509, 515, 245 P. 295, 297 (1926) (emphasis added).”
Ex parte GRE Ins. Grp., 822 So.2d at 391.

. The defendants argue in their briefs submitted to this court, as they did before the trial court, that the claims asserted in the amended complaint are without legal basis. This court has not considered that argument, because it is one to be made before, and addressed by, the trial court on remand.