Rel: June 21, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

## CL-2024-0292

_____

**Ex parte Alabama Medical Cannabis Commission**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: Alabama Always, LLC**

**v.**

**Alabama Medical Cannabis Commission)**

**(Montgomery Circuit Court: CV-24-900524)**

PER CURIAM.

The Alabama Medical Cannabis Commission ("the AMCC") has petitioned this court to issue a writ of mandamus ordering the

Montgomery Circuit Court ("the circuit court") to vacate an order allowing Alabama Always, LLC ("Alabama Always"), to file a petition for judicial review pursuant to Ala. Code 1975, § 41-22-20(d).  We deny the mandamus petition.

## Background

In 2022, Alabama Always, along with 37 other entities, applied to the AMCC for one of five available medical-cannabis integrated-facility licenses.  See Ala. Code 1975, § 20-2A-67.[1]  The AMCC conducted several

---

[1]Section 20-2A-67(a), Ala. Code 1975, provides:

"An integrated facility license authorizes all of the following:

"(1) The cultivation of cannabis.

"(2) The processing of cannabis into medical cannabis, including proper packaging and labeling of medical cannabis products.

"(3) The dispensing and sale of medical cannabis only to a registered qualified patient or registered caregiver.

"(4) The transport of cannabis or medical cannabis between its facilities.

"(5) The sale or transfer of medical cannabis to a dispensary."

2

meetings -- on June 12, August 10, and December 12, 2023 -- at which it awarded the integrated-facility licenses. The AMCC rescinded the awards made at the first two meetings based on perceived procedural errors in its licensing process, but the AMCC has maintained the awards made on December 12, 2023. The AMCC did not award Alabama Always an integrated-facility license at any point.

On January 3, 2024, Alabama Always filed a notice of appeal of the AMCC's December 12, 2023, decision to deny its application for an integrated-facility license.[2] Alabama Always had commenced two cases against the AMCC -- case numbers CV-23-231 and CV-23-901727. See Ex parte Alabama Med. Cannabis Comm'n, [Ms. CL-2024-0073, June 21, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024) (detailing the procedural history of the actions commenced by Alabama Always against the AMCC). Alabama Always dismissed its complaint without prejudice in

---

Section 20-2A-67(b) provides: "[The AMCC] may issue no more than five integrated facility licenses."

[2]The notice of appeal was timely filed within 30 days of the receipt of the December 12, 2023, decision, see Ala. Code 1975, § 41-22-20(d) and § 20-2A-57, and was properly served on the AMCC. Although the AMCC argues that the notice of appeal was deficient for failing to name the individual commissioners of the AMCC as respondents, § 41-22-20 does not require that they be named in the notice of appeal.

CV-23-231 on November 29, 2023, but, on January 9, 2024, Alabama Always filed a "consolidated petition for judicial review and third amended complaint" in both cases. In that pleading, Alabama Always sought, among other things, judicial review of the AMCC's December 12, 2023, decision denying Alabama Always's application for an integrated-facility license, pursuant to § 41-22-20, Ala. Code 1975, a part of the Alabama Administrative Procedure Act ("the AAPA"), Ala. Code 1975, § 41-22-1 et seq.

On March 28, 2024, Alabama Always filed a motion, pursuant to Rule 41(a), Ala. R. Civ. P., to dismiss all of its pending actions against the AMCC. In support of that motion, Alabama Always acknowledged that it had named only the AMCC as a defendant in those actions and that the AMCC is a state agency that is immune from suit pursuant to the doctrine of sovereign immunity; therefore, it acknowledged, the circuit court had not acquired subject-matter jurisdiction over the actions. See Redbud Remedies, LLC v. Alabama Med. Cannabis Comm'n, [Ms. CL-2023-0352, Mar. 29, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024). Alabama Always alleged that it had discovered the jurisdictional defect in March 2024 after this court had requested letter briefs on the

4

applicability of the doctrine of sovereign immunity in <u>Ex parte Alabama Medical Cannabis Commission</u>, supra, to which Alabama Always is also a party. Alabama Always moved the circuit court to dismiss case number CV-23-231 and case number CV-23-901727, without prejudice, notifying the circuit court and the AMCC that it intended to seek leave to "refile" the petition for judicial review in a separate action.[3] The circuit court granted the motion to dismiss on April 1, 2024.[4]

On April 3, 2024, Alabama Always filed a "verified petition for judicial review and complaint for declaratory and injunctive relief," asserting essentially the same claims that had been asserted in its January 9, 2024, pleading; the April 3 pleading was assigned case number CV-24-900524. On that same date, Alabama Always filed a

---

[3]Strictly speaking, Alabama Always never filed a petition for judicial review because the January 9, 2024, pleading was a legal nullity. <u>See generally</u> <u>Ex parte Owens</u>, 65 So. 3d 953, 957 (Ala. Civ. App. 2010) (holding that an amendment of a pleading to add a claim in case over which court lacked subject-matter jurisdiction was a legal nullity without any effect).

[4]The AMCC argues that the dismissal order effectively dismissed the notice of appeal Alabama Always filed on January 3, 2024. However, the order of dismissal was made without prejudice to the right of Alabama Always to file a petition for judicial review in a new action, thus preserving its right of appeal under § 41-22-20.

"motion for order permitting judicial review," pursuant to Ala. Code 1975, § 41-22-20(d). Alabama Always requested that the circuit court extend the time for filing the petition for judicial review of the denial of its application for an integrated-facility license on December 12, 2023.[5]

On April 8, 2024, the AMCC filed an objection to Alabama Always's motion to extend the time for filing its petition for judicial review on various grounds. On April 10, 2024, the circuit court entered an order granting Alabama Always's motion ("the April 10 order"). On April 24, 2024, the AMCC filed a petition for the writ of mandamus in this court, requesting that we order the circuit court to vacate the April 10 order and to dismiss case number CV-23-900524.

---

[5]Section 20-2A-57(f), Ala. Code 1975, provides: "Any person aggrieved by an action of the commission or the department under [Article 4 of the Darren Wesley "Ato" Hall Compassion Act, § 20-2A-1 et seq., Ala. Code 1975,] within 30 days after receiving notice of the action, may appeal the action to the circuit court in the county where the commission or department is located." Section 20-2A-57(f) does not require the filing of a petition for judicial review in addition to a notice of appeal and does not provide a timeline for the filing of the petition. However, the provisions of the AAPA apply to the proceedings of the AMCC. See Ala. Code 1975, § 20-2A-20(p) ("[The AMCC] shall be subject to the Alabama Administrative Procedure Act."). The AAPA requires the filing of a petition for judicial review and establishes the filing procedure. See § 41-22-25 (providing that the AAPA takes precedence over inconsistent procedural statute that does not expressly provide otherwise).

Analysis

This mandamus petition seeks review of an order entered pursuant to Ala. Code 1975, § 41-22-20(d), which provides, in pertinent part:

> "The notice of appeal or review shall be filed within 30 days after the receipt of the notice of or other service of the final decision of the agency upon the petitioner or, if a rehearing is requested under [Ala. Code 1975, §] 41-22-17, within 30 days after the receipt of the notice of or other service of the decision of the agency thereon. The petition for judicial review in the circuit court shall be filed within 30 days after the filing of the notice of appeal or review. ... Failure to file such petition within the time stated shall operate as a waiver of the right of such person to review under this chapter, <u>except that for good cause shown, the judge of the reviewing court may extend the time for filing, not to exceed an additional 30 days, or, within four months after the issuance of the agency order, issue an order permitting a review of the agency decision under this chapter notwithstanding such waiver</u>."

(Emphasis added.)  Section 41-22-20(d) generally requires an appellant to file a petition for judicial review within 30 days of the filing of the notice of appeal of an administrative decision, but the statute also authorizes a reviewing court to enlarge the time for filing the petition to as much as four months from the date of the decision "for good cause shown." See <u>Ex parte Alabama Medicaid Agency</u>, 298 So. 3d 522, 525 (Ala. Civ. App. 2020).

7

In the April 10 order, the circuit court determined that Alabama Always had shown good cause for permitting it to file its petition for judicial review on April 3, 2024, almost four months from the date of the December 12, 2023, decision that Alabama Always had appealed. The AMCC challenges that determination in its mandamus petition.

The AMCC has not directed this court to any reported cases addressing whether a petition for the writ of mandamus is the proper vehicle to challenge an order extending the time for filing a petition for judicial review under § 41-22-20(d), and we have not independently located any cases on point. This court and our supreme court also have not expounded on the standard for reviewing such an order in mandamus proceedings.

Section 41-22-20(d) resembles Rule 15(a), Ala. R. Civ. P., in some key aspects. Rule 15(a) governs amendments of pleadings and provides that amendments generally shall be freely allowed more than 42 days before trial; "[t]hereafter, a party may amend a pleading only by leave of court, and leave shall be given only upon a showing of good cause." Like Rule 15(a), § 41-22-20(d) requires leave of court to extend the time for filing a petition for judicial review, and that leave may be granted only

8

upon a showing of "good cause."  When deciding whether to grant a Rule 15(a) motion to allow a late amendment, a trial court exercises judicial discretion.  See Deakle v. Childs, 939 So. 2d 936, 940 (Ala. Civ. App. 2006).  Likewise, § 41-22-20(d) reposes discretion in the reviewing court to determine whether to grant or deny a motion to extend the time for filing a petition for judicial review.

"[M]andamus review is generally not available [to review an order ruling on a motion to amend a pleading under Rule 15(a)]."  Ex parte Gulf Health Hosps., Inc., 321 So. 3d 629, 633 (Ala. 2020).  Generally speaking,

> "[a] writ of mandamus is an extraordinary remedy, and it will be 'issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.' Ex parte United Serv. Stations, Inc., 628 So. 2d 501, 503 (Ala. 1993)."

Ex parte Yarbrough, 788 So. 2d 128, 132 (Ala. 2000).  In most cases, a postjudgment appeal serves as an adequate remedy for reviewing an adverse ruling on a motion to amend a pleading.  See Ex parte Alfa Mut. Ins. Co., 212 So. 3d 915, 921 (Ala. 2016).

"Because mandamus review of a trial court's ruling on a plaintiff's motion to amend his or her complaint is the exception, not the rule, it is

9

incumbent upon a party seeking mandamus review of such a ruling to explain why an ordinary postjudgment appeal would not be adequate." Ex parte Gulf Health Hosps., Inc., 321 So. 3d at 633. When a petitioner "fail[s] to explain why its case [is] extraordinary and merit[s] an exception to the general rule that a postjudgment appeal provides an adequate remedy," id. at 634, the petition for the writ of mandamus should be denied.

Based on the similarities between § 41-22-20(d) and Rule 15(a), we believe the same rules for mandamus review should apply. Ordinarily, a postjudgment appeal will serve as an adequate remedy to correct any error on a ruling on a § 41-22-20(d) motion; however, in extraordinary circumstances, a petitioner may prove that an appeal would be an inadequate remedy. If the petitioner succeeds in doing so, mandamus relief may be available.

In Ex parte Gulf Health Hospitals, Inc., the petitioner "stated in conclusory fashion that it 'does not have an adequate remedy by appeal.' Petition at 9." 321 So. 3d at 633. The supreme court considered that "bare statement" by the petitioner to be "insufficient to meet its burden." Id. In this case, the AMCC has not even made the bare assertion that an

appeal is an inadequate remedy. In its petition, the AMCC does not cite or discuss that essential element to obtaining mandamus relief. Rule 21(a)(1)(E), Ala. R. App. P., requires that a petition for the writ of mandamus contain "[a] statement of the reasons why the writ should issue, with citations to the authorities and the statutes relied on." The AMCC did not fully comply with that requirement. It is not the responsibility of this court to construct a legal argument for the AMCC to show that an appeal would be inadequate. See Ex parte Dumas, 259 So. 3d 669, 672 (Ala. Civ. App. 2018). Therefore, we deny the petition to the extent the AMCC seeks review of the ruling allowing Alabama Always to file the petition for judicial review on April 3, 2024.

In its mandamus petition, the AMCC also argues that Alabama Always should not be allowed to maintain its petition for judicial review because the December 12, 2023, denial of its license application was not a final decision, Alabama Always has not exhausted its administrative remedies, and the case is not ripe for judicial review. However, these arguments do not relate to the propriety of the April 10 order, which decides only that Alabama Always could file the petition for judicial review, not that the petition would withstand a motion to dismiss. On

11

May 10, 2024, the AMCC filed a separate motion to dismiss raising these identical arguments, which the circuit court has not yet adjudicated. It would be premature for this court to consider the issues pertinent to the motion to dismiss in this mandamus proceeding. See Ex parte R.S.C., 853 So. 2d 228, 234 (Ala. Civ. App. 2002) (holding that, until a trial court rules on a matter, a petition for the writ of mandamus is premature). Therefore, we deny the petition insofar as it seeks an order requiring the circuit court to dismiss the petition for judicial review.

Conclusion

Because the AMCC has not met its burden of proving that it lacks an adequate remedy by way of a postjudgment appeal, and because the AMCC has raised issues not yet adjudicated by the circuit court, we deny the petition for the writ of mandamus.

PETITION DENIED.

All the judges concur.